## 20269

BOONE'S MASONRY CONSTRUCTION CO., INC., and Allstate Insurance Company, Respondents, v. SOUTH CAROLINA SECOND INJURY FUND, Appellant.

(227 S. E. (2d) 659)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Richard B. Kale, Jr., Asst. Atty. Gen.,* of Columbia, *for Appellant,*

*Vernon E. Sumwalt, Esq.*, of *Roddey, Sumwalt & Carpenter*, Rock Hill, *for Respondents*,

August 10, 1976.

LEWIS, Chief Justice:

This appeal involves the liability of the South Carolina Second Injury Fund for reimbursement to the employer and carrier for benefits paid to an injured employee under the Workmen's Compensation Act.

Orell Mobley was employed by respondent, Boone's Masonry Construction Company, Inc., in September or October 1970. Respondent, Allstate Insurance Company, was the carrier for the employer.

The employee, Mobley, had a permanent physical impairment to his left leg and his back at the time of his employment by respondent Boone. His disability resulted from two prior industrial accidents. The first injury occurred in 1962, while he was working in North Carolina, and resulted in the payment of Workmen's Compensation benefits under the North Carolina law for a permanent partial disability of ten (10%) per cent to his back. The second injury was

received in 1964 in an accident in South Carolina, resulting in the award of Workmen's Compensation benefits under the South Carolina law for a 65% permanent impairment to his left leg. The last injury left the employee crippled, and the injury to the back necessitated rest periods while at work. Respondent Boone employed him with knowledge that he was crippled and learned of his back trouble within a month after employment.

On December 31, 1973, about three (3) years after his employment, the employee was injured in an accident while working for respondent Boone. Liability was admitted by respondents and a compromise settlement of the employee's claim for Workmen's Compensation benefits was entered into on or about March 14, 1975.

After the settlement of the employee's claim, respondents instituted this proceeding before the Industrial Commission, pursuant to Code Supplement Section 72-601, *et seq.,* for reimbursement from the appellant, South Carolina Second Injury Fund, for a portion of the benefits paid to the employee. Appellant denied the claim upon the ground that the respondent employer failed to produce written records establishing his knowledge of the employee's prior permanent physical impairment as required by the following provisions of Section 72-601·(c) of the Supplement to the 1962 Code of Laws:

In order to qualify under this section for reimbursement from the Second Injury Fund, the employer must establish by written records which shall be filed with the Commission and the fund, when claim is made for reimbursement thereunder, that the employer had knowledge of the permanent physical impairment at the time that the employee was hired, or at the time the employee was retained in employment after the employer acquired such knowledge.

After a hearing, the Industrial Commission upheld the claim of respondents, finding that (1) the employer had actual knowledge of the prior permanent physical impair-

ment of the employee; and (2) the records of the prior decisions of the two Industrial Commissions, as to the prior permanent disability of the employee, satisfied the statutory requirement that a written record be filed showing knowledge on the part of the employer.

Upon appeal to the circuit court, the award of the Industrial Commission was affirmed by the trial judge solely upon the ground that the quoted provisions from Section 72-601 (c) were prospective in application and, therefore, the written records requirement of that section was inapplicable to the present employee who was employed prior to the effective date of that statute. The decision of the lower court was based upon its interpretation of the following provisions of Section 3 of the Act, which enacted Section 72-601 *et seq.* (Act 1390 of the Acts of 1972, 57 Stat. 2578, 2582):

"This act shall take effect on July 1, 1972, and will apply only to second injuries occurring after that date and to employees having a permanent physical impairment who were employed or retained in employment after that date."

It is clear that the employer did not file a written record establishing that it had knowledge of the permanent physical impairment of the employee as required by Section 72-601 (c), *supra*. The failure of the employer to do so precludes recovery from appellant in this case.

The Second Injury Fund was established in 1972. One of its purposes was to encourage employers to employ handicapped people by providing reimbursement to the insurer, in certain cases, for compensation paid as the result of a second injury. It is evident from the wording of Section 72-601 (c) that establishment of knowledge of the employer of the preexisting permanent impairment is a necessary prerequisite to recovery from the Second Injury Fund. In other words, as observed in the Article in 27 S. C. L. R. 661, 672, "If the employer does not know an employee is handicapped when he is hired, the employer is

not taking any risk for which he should be compensated from the Second Injury Fund."

In the determination of the issue of knowledge on the part of the employer of the prior impairment, Section 72-601(c) has imposed the requirement, as a prerequisite to reimbursement from the Second Injury Fund, that the employer established such knowledge by written records at the time of employment, or at the time the employee was retained after the employer acquired such knowledge. The requirement for written records was, no doubt, adopted as most likely to reduce controversy in determining the existence of such knowledge on the part of the employer.

These statutes, establishing the Second Injury Fund, ■ granted a new remedy or right of reimbursement to the insurer; and the Legislature could properly impose such reasonable terms and conditions upon the exercise of such right as it deemed appropriate. The right of a claimant to secure reimbursement under the statute, therefore, depends upon compliance with the terms and conditions imposed for recovery, including the requirement that knowledge of the employer of the employee's prior disability be evidenced by a written record.

The quoted provisions of Section 3 state that the Act shall take effect on July 1, 1972. It then limits the application of the statute to those "second injuries" which occur after July 1, 1972 and to those employees having a permanent physical impairment who were employed *or retained in employment* after July 1, 1972. Disabled employees, retained in employment after July 1, 1972, are clearly intended to be included under the Act.

The present employee was employed prior to July 1, ■ 1972, but *retained in employment* after that date. He was, therefore, included within the class of employees for whose disability reimbursement might be claimed by the insurer, if other conditions are met. Among these conditions is the one that the employer establish by written rec-

·ords that he had knowledge of the permanent disability at the time the employee was hired or at the time the employee was *retained in employment after July 1, 1972.*

The requirement that knowledge of the employer be established by written records is not giving the Act retrospective application. The Act was effective July 1, 1972; the written record was not required until that date. No injury occurring prior to July 1, 1972 is covered and no employer can qualify after that date unless he has complied with the Act.

Since the employer did not comply with the written records provision of Code Section 72-601(c), respondents were not entitled to reimbursement from the Second Injury Fund. The judgment is accordingly reversed and the case remanded for entry of judgment in favor of appellant.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.