0897

Carroll V. WYNDHAM, Employee, Appellant v. R. A. & E. M. THORNLEY AND COMPANY, Employer, and Home Insurance Company, Carrier, Respondents.

(354 S. E. (2d) 399)

Court of Appeals

J. *Kevin Holmes* of *Steinberg, Levkoff, Spitz & Goldberg,* Charleston, *for appellant.*

*David G. Traylor, Jr.,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for respondents.*

Heard Dec. 8, 1986.

Decided March 16, 1987.

BELL, Judge:

This appeal arises from a workers' compensation award. The industrial commissioner awarded Carroll V. Wyndham permanent disability benefits of $123.33 for up to five hundred weeks, and the full Commission affirmed. The employer, R. A. & E. M. Thornley & Co., appealed the award to the circuit court. The circuit judge reduced Wyndham's benefits by the number of weekly payments he had received for a prior injury sustained while working for a different employer. Wyndham appeals. We reverse the circuit court order.

The facts in this case are stipulated. In 1966, Carroll V. Wyndham injured his back in the course of his employment with United Piece Dye Works. Because of that injury, he received workers' compensation benefits for a total of two hundred forty-eight weeks. After two operations, Wyndham's doctor determined he had a twenty-five to thirty

percent permanent impairment of his whole body.[1] Wyndham subsequently went to work for R. A. & E. M. Thornley & Co. Thornley was aware of Wyndham's back impairment, but maintained no written records reflecting that knowledge. On October 20, 1980, while still employed by Thornley, Wyndham was again injured in the course of his employment. After another back operation, his doctor found he had a ten percent impairment of both his back and his left leg. Thornley's claim for reimbursement from the Second Injury Fund was denied for failure to comply with Section 42-9-400(c), Code of Laws of South Carolina, 1976. At the time of the injury, that provision conditioned reimbursement upon filing written records showing the employer knew of the prior impairment when the employee was hired.[2]

After a hearing to determine disability, the single commissioner found Wyndham was totally and permanently disabled and ordered Thornley to pay weekly compensation of $123.33 for a period not to exceed five hundred weeks. The full commission affirmed that award. The circuit judge also found Wyndham was totally and permanently disabled, but ordered the number of weekly payments reduced by the two hundred forty-eight weeks Wyndham had been compensated for his first injury. The judge based this order on his construction of two sections of the South Carolina Code of Laws. First, he concluded Section 42-9-10 imposes a five hundred week lifetime limit on the period for which an employee may receive payments to compensate for disability of any body part. Second, the judge found that under Section 42-9-150, Wyndham ws entitled to compensation only for the degree of disability the second injury would have caused without the prior impairment.

Wyndham argues the circuit judge erred because (1) an employee's failure to comply with the written record requirement in Section 42-9-400(c) does not bar a previously impaired employee from receiving further benefits and (2)

---

[1] At that time the back was not a scheduled member under Section 72-153, Code of Laws of South Carolina, 1962.

[2] A 1982 amendment deleted the written record requirement from Section 42-9-400(c).

the five hundred week limit in Section 42-9-10 does not apply to successive injuries.

## I.

We first address Wyndham's contention that an employee is entitled to total compensation for impairment after a second injury despite the employer's failure to comply with the written record requirement in Section 42-9-400(c).

Section 42-9-150 entitles a worker who suffers a second injury in different employment to "compensation only for the degree of disability which would have resulted from the later accident if the earlier disability or injury had not existed, except that such employee may recover further benefits as provided by §§ 42-7-310, 42-9-400 and 42-9-410 Title [sic] if his disability qualifies for additional benefits provided therein." Sections 42-7-310, 42-9-400, and 42-9-410 all relate to the Second Injury Fund.

Thornley has argued, and the circuit judge agreed, that an employee's eligibility for full compensation under 42-9-400 is conditioned upon compliance with all the requirements within that section. Section 42-9-150, however, entitles an employee to additional benefits if the *employee's injury* qualifies under the cited statutes. Section 42-9-400(a) provides that an employer "shall in the first instance pay all awards of compensation and medical benefits provided by [Title 42 of the South Carolina Code of Laws]" to an employee who "has a permanent physical impairment from any cause or origin [and] incurs a subsequent disability from injury by accident arising out of and in the course of his employment." Thus, any employee so situated qualifies for full compensation. The written record requirement in Section 42-9-400(c) was merely a condition of the *employer's* eligibility to recover from the Second Injury Fund. The employee may qualify for compensation even if, as here, the employer is not entitled to reimbursement.

One of the purposes behind establishing the Second Injury Fund was to encourage employers to hire handicapped persons by providing reimbursement to the employer or insurer for compensation paid as a result of a second injury. *Boone's Masonry Construction Co. v. South Carolina Second Injury Fund,* 267 S. C. 277, 227 S. E. (2d) 659

(1976). The fund was designed to compensate handicapped workers fully for subsequent injuries without penalizing employers for hiring them in the first place. Custy, *The Second Injury Fund: Encouraging Employment of the Handicapped Worker in South Carolina*, 27 S. C. L. Rev. 661, 662 (1976). The Legislature provided that the employer must first compensate the employee fully and then carry the burden of seeking reimbursement from the fund. *Id.* at 664. It would be unfair, and would frustrate the fund's purpose, to penalize the employee because of the employer's failure to maintain proper records. Since Wyndham qualified for full compensation under Section 42-9-400, we hold the circuit judge erred in reducing his benefits.

## II.

We next consider whether Section 42-9-10 prohibits Wyndham from receiving more than five hundred weeks of compensation for multiple disability of the same members.

Section 42-9-10, as in force at the time of Wyndham's injury, provided: "When the incapacity for work, resulting from an injury is total, the employer shall pay ... to the injured employee during the total disability, a weekly compensation ... *and in no case may the period covered by the compensation exceed five hundred weeks* except as hereinafter provided." (Emphasis added.)[3] The cardinal rule of statutory construction is that words used in a statute should be given their plain and ordinary meaning unless something in the statute requires a different interpretation. *Multimedia, Inc. v. Greenville Airport Commission*, 287 S. C. 521, 339 S. E. (2d) 884 (1986). The language of this provision, given its ordinary meaning, refers to a single injury and a single disability. When the Legislature wished to impose a five hundred week limit on successive injuries, it did so explicitly. *See* Section 42-9-170 (limiting to five hundred weeks the total compensation available for successive permanent injuries sustained in the same employment). We hold, therefore, the five hundred week limit does not apply

---

[3] The current version of Section 42-9-10 contains slightly altered language, but the import is the same.

to successive injuries incurred while working for different employers.

For these reasons, the order of the circuit court is

Reversed.

CURETON and GOOLSBY, JJ., concur.