965 P.2d 86

**TIRE SHREDDERS, INC., a Washington corporation, Plaintiff/Appellant,**

v.

**PIMA COUNTY, a body politic; Raul Grijalva, in his capacity as a member of the Pima County Board of Supervisors; Mike Boyd, in his capacity as a member of the Pima County Board of Supervisors; Dan Eckstrom, in his capacity as a member of the Pima County Board of Supervisors; Sharon Bronson, in her capacity as a member of the Pima County Board of Supervisors; Ray Carroll, in his capacity as a member of the Pima County Board of Supervisors; Dan Deering, in his capacity as Pima County's Purchasing Agent; and Martha Durkin, in her capacity as the Pima County Purchasing Agent, Defendants/Appellees,**

and

**K & B TIRE COMPANY, INC., an Arizona corporation, Real Party in Interest/Appellee.**

No. 2 CA–CV 97–0224.

Court of Appeals of Arizona, Division 2, Department A.

July 30, 1998.

Redesignated as Opinion and Publication Ordered Sept. 30, 1998.

354

Stubbs & Schubart, P.C. by Thomas M. Parsons, Tucson, for Plaintiff/Appellant.

Barbara LaWall, Pima County Attorney by Karen S. Friar and Katharina Richter, Tucson, for Defendants/Appellees.

Fennemore Craig by Andrew M. Federhar and Theresa Dwyer, Tucson, for Real Party in Interest/Appellee.

## OPINION

FLÓREZ, Judge.

¶ 1 Appellant, Tire Shredders, Inc., asks this court to reverse the judgment the trial court entered in favor of appellees Pima County and its board of supervisors and the real party in interest, K & B Tire Company, dismissing its special action complaint with prejudice. Tire Shredders argues that the board acted in excess of its authority, abused its discretion, and acted arbitrarily and capriciously during the bidding and contract award process for waste tire disposal for the county. Tire Shredders also contends that the trial court erroneously granted K & B's motion to dismiss for failure to state a claim, in which the county partially joined; erroneously ruled on the merits of the claim by treating the motion to dismiss as a motion for summary judgment rather than holding the order to show cause hearing Tire Shredders had requested; erroneously refused to list the county purchasing agents in the judgment; and erroneously awarded attorney's fees and costs to K & B.

¶ 2 The facts are as follows. In December 1996, Pima County issued a Request for Proposals (RFP) "[t]o provide Pima County Solid Waste Management with waste tire removal and recycling services for a one year period with renewal options." The RFP requested services for both "auto/light truck tires" and "other tires," stating:

Contractor shall remove, or process and remove for recycling, **or for an approved alternative use,** tires in a manner which is acceptable to and verifiable by County. Acceptable methods are reuse as retreads

and processing for material recovery by a proven technology. Acceptable methods for Group B will also include use for energy recovery and landfilling of waste tires at a permitted tire monofill. All other methods are unacceptable.

Despite the RFP's express limitation of tire disposal services to those enumerated in A.R.S. § 44–1304(D), the statute did not include use as daily cover material for a solid waste landfill.[1] Appendix A to the RFP, however, defined "Alternative Use" as "using properly processed waste tires as alternative daily cover at County landfills."

¶ 3 Tire Shredders submitted a proposal to dispose of the tires by shredding them and using them to cover county landfills. Prior to the board of supervisors meeting on May 6, 1997, K & B sent a letter to the board pointing out a conflict between the RFP definition of alternative use and the statute. K & B also asserted that daily cover material is not as beneficial a method of disposal as the forms of recycling it provides and stated that it would have addressed this in its proposal had the RFP expressly provided for that method. On May 6, 1997, the county administrator recommended that the board award the contract to Tire Shredders, the apparent low bidder. After debate on the benefits and drawbacks of the methods, the board voted to "reject the RFP; that Pima County issue new RFP's with the new language and come back to the Board at their regular meeting of June 3, 1997."

¶ 4 Tire Shredders submitted a new bid using alternative daily cover; K & B submitted a new bid for recycling and reuse. The revised RFP specifically requested both methods of tire removal. The county administrator determined that both bids complied with the revised RFP and recommended that the board choose Tire Shredders'. Tire Shredders' proposal was the lowest bid under the "alternate daily cover" method, and K & B's proposal was the lowest under the "recycling and reuse" method. The minutes of the June 3 meeting state, "Upon roll call vote being taken, the motion carried by a four to one vote, Supervisor Eckstrom voting 'Nay,' to approve Method 2; to award the Low Bid to the low bidder, K & B Tires, under Method 2."

¶ 5 Tire Shredders filed a special action complaint in superior court, seeking review of the board's award of the contract to K & B and requesting that the court order the county to terminate its contract with K & B and award it to Tire Shredders. The trial court entered judgment in favor of the county and K & B on their motion to dismiss for failure to state a claim, and this appeal followed.

## DISCUSSION

¶ 6 On appeal from a special action, we conduct a two-part review of the superior court's rulings, first determining whether the court "in its discretion assumed jurisdiction of the merits of the claim." *Bilagody v. Thorneycroft*, 125 Ariz. 88, 92, 607 P.2d 965, 969 (App.1979). If we determine that the court accepted jurisdiction, we then review its decision on the merits. *Id.* If we determine that the trial court did not assume jurisdiction of the claim, then we determine whether it abused its discretion in declining to accept jurisdiction. *Id.*

¶ 7 The first issue we must resolve is whether the trial court accepted jurisdiction and ruled on the merits of the case or whether it declined to accept jurisdiction. Tire Shredders argues that it presented valid claims pursuant to Rule 3, Ariz. R.P. Spec. Action, 17B A.R.S., which the trial court improperly dismissed.

¶ 8 A special action proceeding is the proper method to seek relief against a public entity by a low bidder on a public contract whose harm is irreparable because it cannot recover contractual damages. *See City of Scottsdale v. Deem*, 27 Ariz.App. 480, 556 P.2d 328 (1976). Rule 3, Ariz. R.P. Spec. Action, provides that only three questions may be raised in a special action:

(a) Whether the defendant has failed to exercise discretion which he has a duty to exercise; or to perform a duty required by law as to which he has no discretion; or

---

1. The statute was amended in 1997 to include daily cover at a solid waste landfill.

(b) Whether the defendant has proceeded or is threatening to proceed without or in excess of jurisdiction or legal authority; or

(c) Whether a determination was arbitrary and capricious or an abuse of discretion.

¶ 9 Tire Shredders' complaint stated that the board lacked a legal or factual basis to reject the original RFP, that the competitive bidding process had been violated by the board's awarding the contract to K & B because K & B had failed to identify a source for the tires that would be used as tire-derived fuels, that the board had acted without authority in awarding the bid to K & B because only the purchasing agent has the authority to do so, and that the board had abused its discretion in not awarding the contract to Tire Shredders because its bid had been the lowest under both RFPs. Tire Shredders' claim was thus one for the injury caused by not being awarded the contract based on the county's alleged abuse of discretion, its arbitrary and capricious actions, and its actions in excess of its statutory authority.

¶ 10 We agree that Tire Shredders' complaint raised proper questions under Rule 3, Ariz. R.P. Spec. Action. Despite the court's language in its ruling, we disagree that it dismissed Tire Shredders' complaint for failure to state a claim. Rather, the judgment states the court "read [Tire Shredders'] Complaint for Special Action, its Amended Complaint for Special Action, [the] Motion to Dismiss, [Tire Shredders'] Opposition thereto and [the] Reply Briefs, and ... considered the testimony and heard arguments of counsel presented at the July 14, 1997 hearing." The court's consideration of matters outside the pleadings effectively treated the motion to dismiss as a motion for summary judgment. Ariz. R. Civ. P. 12(b), 16 A.R.S. The court thus accepted jurisdiction of the complaint and ruled on the merits. We must therefore determine whether the trial court abused its discretion in denying special action relief. *Hamilton v. Municipal Court of Mesa,* 163 Ariz. 374, 788 P.2d 107 (App.1989).

¶ 11 Tire Shredders contends that the trial court erred in treating the motion to dismiss as a motion for summary judgment,

arguing it was thus disadvantaged because discovery is generally not permitted in special actions and because the court failed to hold its requested order to show cause hearing. A motion to dismiss a special action may be treated as a motion for summary judgment under Rule 56, Ariz. R. Civ. P. Ariz. R. Civ. P. 12(b); *In re Estate of O'Connor,* 139 Ariz. 450, 679 P.2d 96 (App.1984). Rule 12(b) states:

If, on a motion asserting ... failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

¶ 12 Tire Shredders argues that the trial court should have granted its application for an order to show cause hearing requiring appellees to show why the trial court should not grant the relief requested in the complaint and should have allowed further discovery before granting summary judgment for K & B. Tire Shredders argued that it wanted to address at a hearing the arguments by K & B that Tire Shredders had not stated a claim appropriate for special action. Tire Shredders also told the trial court it should be allowed to reply to the county's and K & B's pleadings. Tire Shredders failed to state what information it sought to discover or to move for discovery.

¶ 13 Rule 4(f), Ariz. R.P. Spec. Action, provides: "If a triable issue of fact is raised in an action under this Rule, it shall be tried subject to special orders concerning discovery." A discovery request will not be granted, however, unless the information needed is disclosed to the court or good cause is shown for discovery. *Lewis v. Arizona Dep't of Econ. Sec.,* 186 Ariz. 610, 925 P.2d 751 (App.1996). We review the denial of a discovery request for an abuse of discretion. *Id.* We note, however, that discovery is generally not justified in special actions. *Lewis;* see also *Riggins v. Graham,* 20 Ariz. App. 196, 511 P.2d 209 (1973).

¶ 14 Tire Shredders never stated what information it sought to discover. It asked the court to resolve the questions of 1) whether the board's rejection of the RFP was illegal under A.R.S. § 11–254.01 or whether it violated procurement procedures and 2) whether the board's rejecting the low bid was supported by the evidence and was arbitrary and capricious under § 11–254.01 based on its claim that rejecting the RFP had violated the statute's competitive bidding process requirement. Although these issues may, in some instances, involve mixed questions of fact and law, neither in the trial court, nor on appeal, has Tire Shredders presented a factual question. Nor has it shown that the trial court was required to determine facts rather than issues of law. The parties do not dispute the facts.[2] Therefore, we find no abuse of discretion in the trial court's failure to order additional discovery.

¶ 15 Having concluded the trial court properly accepted jurisdiction and considered the merits of the complaint, we review de novo its grant of summary judgment, although denominated by the trial court as a dismissal of the complaint, to determine whether appellees were entitled to judgment as a matter of law. Ariz. R. Civ. P. 56; *Gonzalez v. Satrustegui*, 178 Ariz. 92, 870 P.2d 1188 (App.1993).

¶ 16 Tire Shredders contends that, at its May 6 meeting, the board only had the authority to reject the bids, not to reject the RFP and initiate the second bidding process, which ultimately resulted in the award of the contract to K & B. Section 11–254.01(B) also states: "The board may reject all bids if rejection is in the public interest." Again, despite the language in the minutes, the board did not, in fact, reject the RFP. Instead, it rejected all bids submitted in response to the RFP. The RFP was then revised to include information on two possible methods of tire disposal and was again sent to the bidders with notification about the revisions. The number of the RFP did not change, nor did the principal objective expressed in it—to dispose of waste tires. We conclude, therefore, that the powers enumerated in § 11–254.01 include the implied authority to draft a revised RFP and begin the bidding process anew. *Hancock*. In any event, the effect of the board's action was to reject all bids, an act within its statutory authority.

¶ 17 Tire Shredders next contends that the board lacked legal authority to award the contract to K & B at its meeting on June 3, 1997. The board may exercise only the powers granted it or necessarily implied by statute. *Hancock v. McCarroll*, 188 Ariz. 492, 937 P.2d 682 (App.1996). We interpret statutes to give effect to their legislative intent, looking to their language as the most reliable indicator of that intent. *Alaface v. National Inv. Co.*, 181 Ariz. 586, 892 P.2d 1375 (App.1994). Section 11–254.01(B) states in relevant part:

> Bids shall be opened publicly at the time and place stated in the invitation. On board approval, the county purchasing agent shall make awards with reasonable promptness by giving written notice to the responsible bidder whose bid conforms to the invitation and whose bid is the most advantageous to the county concerning price, conformity to the specifications and other factors.

Tire Shredders argues that because the board itself made the award to K & B, it violated § 11–254.01 and acted in excess of its authority. Tire Shredders asserts that only a county purchasing agent has the authority to award contracts. Although we agree that this reading of the statute is technically accurate, we disagree that the statute requires the elevation of form over substance and voiding of the contract with K & B. *See Transporting Renewable Resources, Inc. v. Industrial Comm'n*, 185 Ariz. 543, 917 P.2d 272 (App.1996). In fact, according to the statute, the implied authority to award contracts, i.e., to choose among bids, lies with the board. A county purchasing agent has no authority to award contracts without "board approval." § 11–254.01. Thus,

---

2. Tire Shredders does allege that K & B failed to conform to the bid specifications in both the first and second RFPs; the staff memorandum prepared on K & B's second proposal, however, indicated that its bid conformed to the second RFP's specifications.

we conclude that the language in the minutes stating that the board had awarded the contract to K & B does not indicate that the board acted in excess of its statutory authority.

¶ 18 Tire Shredders contends that K & B was not the lowest responsible bidder so that the board lacked statutory authority to award it the contract, citing *Brown v. City of Phoenix*, 77 Ariz. 368, 272 P.2d 358 (1954); *Osborn v. Mitten*, 39 Ariz. 372, 6 P.2d 902 (1932); and *City of Phoenix v. Wittman Contracting Co.*, 20 Ariz.App. 1, 509 P.2d 1038 (1973). Each of these cases is distinguishable. In *Brown*, the City of Phoenix awarded the lease of airport space for a car rental business to the "less favorable bidder," 77 Ariz. at 375, 272 P.2d at 363, thus disregarding the city charter requirement that the lease be awarded to the "highest responsible bidder." *Id.* at 370, 272 P.2d at 360. The court held that, although the city council had discretion to award the contract to a lower bidder, it could do so only "after due investigation into the facts" and by exercising "reasonable, honest and prudent discretion . . . in the best interests of the city, its citizens and taxpayers." *Id.* at 375, 272 P.2d at 363. In *Osborn*, the court held that the rejection of a bid for county advertising and publications by the Maricopa County Board of Supervisors constituted an abuse of discretion because the county code required that the contract be awarded to "the lowest responsible bidder." 39 Ariz. at 377, 6 P.2d at 904. The court also noted that the board did have some discretion in determining the lowest responsible bidder, not only as to the bid amount, but as to factors such as the bidder's facilities, skill, capacity, accessibility, experience, and integrity. *Id.* Finally, in *Wittman*, after noting that the City of Phoenix charter required the city council to award a contract to the "lowest responsible bidder," the court held that, once the council determined that it was going to accept a bid, its only remaining actions in awarding the contract were ministerial. 20 Ariz.App. at 5, 509 P.2d at 1042.

¶ 19 No statute or charter provision required the board of supervisors to choose the lowest responsible bidder. Section 11–254.01(B) simply requires that the contract be awarded to "the responsible bidder whose bid conforms to the invitation and whose bid is the most advantageous to the county concerning price, conformity to the specifications and other factors." We conclude that § 11–254.01 grants the board discretion in awarding a contract and that the board had discretion to award the contract to K & B as the bidder most advantageous to the county. Moreover, under the cases discussed above, "most advantageous" does not unequivocally mean the lowest bidder. Rather, the cases indicate that the board has discretion to determine which bid meets its requirements, in this case, the bid that is responsible, economically sound, and most advantageous to the county in other ways. The board determined that K & B, as the lowest responsible bidder for method two, could best provide the desired services to the county.

¶ 20 Tire Shredders also contends that, even if the board had discretion to award the contract to K & B, its decision to do so was arbitrary and capricious because Tire Shredders was "the lowest responsible bidder." We consider two questions pursuant to this contention: 1) whether the board abused its discretion or acted arbitrarily and capriciously in not awarding the contract to Tire Shredders and 2) whether the board abused its discretion or acted arbitrarily and capriciously in awarding the contract to K & B.

¶ 21 Tire Shredders bore the burden of showing the trial court that the board had abused its discretion. *Board of Supervisors, Santa Cruz County v. Rio Rico Volunteer Fire Dist.*, 119 Ariz. 361, 580 P.2d 1215 (App.1978). In general, an abuse of discretion "is discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Torres v. North American Van Lines, Inc.*, 135 Ariz. 35, 40, 658 P.2d 835, 840 (App.1982). If the record indicates that reasonable persons "could differ as to the propriety of the action taken by the board of supervisors, then it cannot be said it abused its discretion." *Rio Rico Volunteer Fire Dist.*, 119 Ariz. at 364–65, 580 P.2d at 1218–19; *see also Gregory v. Thompson*, 159 Ariz. 512, 515, 768 P.2d 674, 677 (App.1989) (appellate court is not a "super-

board of supervisors" and will not "substitute [its] judgment for that of the board of supervisors").

¶ 22 K & B presented evidence in its motion indicating that, even if Tire Shredders was the lowest bidder, other factors supported the board's decision to reject its bid. Before the board meeting on the original RFP, the county wrote to the Arizona Department of Environmental Quality (DEQ) requesting permission to conduct a pilot project using the method of tire disposal Tire Shredders had proposed, alternate daily cover (ADC). DEQ wrote K & B a letter stating, "[N]o landfills in Arizona ... are currently approved to use shredded waste tires as ADC." At the board meeting, however, a letter was presented from Pima County Solid Waste Management, which indicated that DEQ had approved ADC for a pilot project. K & B had argued this pilot project was not sufficient in scope to dispose of all the tires the county had stockpiled. Tire Shredders did not propose using any method other than ADC.

¶ 23 The revised RFP requested bids for two different methods of recycling waste tires: "alternate daily cover" and "recycling and reuse." K & B was the lowest bidder for the recycling and reuse method. Tire Shredders was the lowest bidder for the alternate daily cover method. When the board decided to utilize the recycling and reuse method, it awarded the contract to K & B. Tire Shredders asserts that, because its method was more in "the public interest," the board's decision to award the contract to another bidder was arbitrary and capricious. The choice of method, however, was solely for the board. Our review of the evidence supports the trial court's conclusion that the board did not act arbitrarily and capriciously when it chose the recycling and reuse method and awarded the contract to K & B and when it rejected the alternate daily cover method and did not award the contract to Tire Shredders.

¶ 24 Tire Shredders also contends that the board could not award the contract to K & B, arguing the competitive bidding process was undermined by the board's decision to make public all the bids submitted in response to the first RFP before it issued the revised RFP. The first RFP contained a section explaining that, pursuant to A.R.S. § 39–121.01, the public records statute, "all information submitted with bid responses ... becomes public information and upon request, is subject to release and/or review by the general public including competitors." Section 11–254.01(B) also implicitly empowers the board to make bids public because it authorizes the board to reject all bids. All bids, both those accepted and rejected, become public records.

¶ 25 Tire Shredders also requested rescission of the board's contract with K & B on the ground that K & B had failed to include in its bid the necessary information about a source for the tire-derived fuel processing. Even if the board abused its discretion in awarding the contract to K & B, the relief available does not include compelling the board to rescind its contract with K & B. Any question about who should have been awarded the contract after it has been performed is moot. *ASH, Inc., v. Mesa Unified Sch. Dist. No. 4*, 138 Ariz. 190, 673 P.2d 934 (App.1983); see also *Western Sun Contractors v. Superior Court*, 159 Ariz. 223, 766 P.2d 96 (App.1988). In addition, a special action proceeding is used to compel a nondiscretionary act or to remedy an abuse of discretion. Ariz. R.P. Spec. Action 3; *Book Cellar, Inc. v. City of Phoenix*, 139 Ariz. 332, 678 P.2d 517 (App.1983). An abuse of discretion by a public entity in awarding a contract cannot be remedied by rescission of the contract, however, because the "abuse of discretion has no bearing on the validity of the law or of the franchise." *Duffield v. Ashurst*, 12 Ariz. 360, 368, 100 P. 820, 824 (1909). Thus, we conclude that neither this court nor the trial court has authority to require the board to rescind its contract with K & B.

¶ 26 Finally, Tire Shredders appeals the trial court's award of attorney's fees and costs to K & B and requests, instead, that it be awarded attorney's fees and costs. We agree that the trial court had no authority to award K & B attorney's fees. Section 12–2030, A.R.S., allows attorney's fees to be awarded to a private party from

**360**

the government in a special action. It does not, however, allow attorney's fees to a private party from another private party. *See also Western Sun* (no authority to award attorney's fees to losing bidder in suit against another private party). Thus, we reverse the trial court's award of attorney's fees.

¶ 27  We affirm the trial court's dismissal of Tire Shredders' special action complaint and reverse its award of attorney's fees to K & B Tire Company. We also deny Tire Shredders' request for attorney's fees from Pima County pursuant to § 12–2030.[3]

DRUKE, C.J., and BRAMMER, J., concur.

---

**3.**  Tire Shredders also claimed that the trial court erred in denying its request that two county purchasing agents be listed in the judgment. Be-

cause we conclude that Tire Shredders' appeal is without merit, we need not address this issue.