STATE of Alaska, DEPARTMENT OF LABOR & WORKFORCE DEVELOPMENT, DIVISION OF WORKERS' COMPENSATION, SECOND INJURY FUND, Appellant,

v.

TONGASS BUSINESS CENTER, Commerce & Industry Insurance Co., Chartis/Northern Adjusters, Inc., and Michael Banie, Appellees.

No. S–13888.

Supreme Court of Alaska.

May 18, 2012.

Ruth Botstein, Assistant Attorney General, Anchorage, and John J. Burns, Attorney General, Juneau, for Appellant.

Colby J. Smith and Aaron M. Sandone, Griffin & Smith, Anchorage, for Appellees Tongass Business Center, Commerce & Industry Insurance Co., and Chartis/Northern Adjusters, Inc. Notice of non-participation filed by Paul M. Hoffman, Hoffman Silver Gilman & Blasco, P.C., Juneau, for Appellee Banie.

Before: CARPENETI, Chief Justice, FABE, WINFREE, and STOWERS, Justices.

*OPINION*

CARPENETI, Chief Justice.

## I. INTRODUCTION

An employer petitioned the Alaska Workers' Compensation Board for reimbursement from the Second Injury Fund for payments it made to a disabled worker; the Fund opposed the petition. After a hearing, the Board granted the petition. The Fund asked the Board to reconsider its decision in December 2009. The hearing officer told the parties that he would inform them in writing by the end of January about what action the

Board was taking on the reconsideration request. Instead, in April 2010 the hearing officer sent a prehearing conference summary indicating that the reconsideration request had been denied by operation of statute. The next day the Fund filed a notice of appeal and a motion to accept a late-filed appeal with the Alaska Workers' Compensation Appeals Commission. The Commission denied the Fund's request to file its appeal late and dismissed the appeal. Because we conclude that the Fund filed a timely appeal, we reverse the Commission's decision and remand for consideration of the Fund's appeal.

## II. FACTS AND PROCEEDINGS

Michael Banie injured his back, leg, and hip while working for Tongass Business Center (Tongass) in 2006. Tongass initially paid workers' compensation benefits to Banie but then controverted benefits for the leg and hip injuries. Tongass later withdrew the controversion and entered into a partial settlement of the claim with Banie. Tongass petitioned the Board for reimbursement from the Second Injury Fund because Banie had preexisting arthritis.

■ "The Second Injury Fund was created to encourage employers to hire and retain partially disabled employees."[1] The Fund reimburses employers who have paid compensation for at least 104 weeks to an injured worker with a qualifying preexisting condition.[2] To be reimbursed from the Fund, the employer must show, among other things, that the preexisting condition, in combination with the worker's subsequent injury, "results in compensation liability substantially greater than [what] would have resulted had the preexisting condition not existed."[3] Alaska Statute 23.30.205(f) sets out a list of qualifying conditions, which includes arthritis.[4]

The Board held a hearing on the petition, and on December 21, 2009, it ordered the Fund to reimburse Tongass for benefits Tongass had paid Banie after October 24, 2008. On December 30, 2009, the Fund asked the Board to reconsider its decision, arguing that the Board had failed to analyze whether the employer's liability was "substantially greater" because of the preexisting arthritis. Tongass opposed reconsideration on January 19, 2010.

The hearing officer held a prehearing conference on January 20, 2010. All of the parties were present. Multiple issues were discussed, including the Fund's petition for reconsideration. Apparently the hearing officer was unaware, before the prehearing conference, that a reconsideration petition had been filed.[5] The Fund administrator gave the hearing officer a copy of the petition during the prehearing conference. The hearing officer asked the parties whether "oral argument was sought on reconsideration, should the board panel decide to take it up." The assistant attorney general representing the Fund had not yet seen Tongass's opposition and thus was unable to say whether oral argument was necessary. The hearing officer stated that the parties would be informed "by letter by the end of January as to board panel action on the petition for reconsideration, which would then trigger communication from the parties as to whether [a] request for oral argument would be necessary." The hearing officer discussed a hearing about other issues, scheduled for May 12, 2010, and noted that "if oral argument [were] entertained on the [Fund]'s petition for reconsideration, it would also be calendared for hearing at the same time as the hearing on the other three issues set for decision."

---

1. *VECO Alaska v. State, Dep't of Labor, Div. of Workers' Comp., Second Injury Fund,* 189 P.3d 983, 987 (Alaska 2008) (quoting *Sea–Land Servs., Inc. v. State, Second Injury Fund,* 737 P.2d 793, 795 (Alaska 1987)) (internal quotation marks omitted).

2. *Id.*

3. *Id.* (quoting *Alaska Int'l Constructors v. State, Second Injury Fund,* 755 P.2d 1090, 1092 (Alaska

1988)) (internal quotation marks omitted; alteration in original).

4. AS 23.30.205(f)(1)(D).

5. A summary of the hearing noted that the hearing officer "stated that he had not noted the [Fund]'s petition for reconsideration." The hearing officer "requested the petition for reconsideration be faxed to the board, to [his] attention."

The next communication from the Board was a Prehearing Conference Summary of the January 20, 2010 prehearing conference; the summary was served on April 7, 2010. In the section about pending claims and petitions, the hearing officer crossed out the petition for reconsideration and wrote next to it "moot; denied by operation of statute due to board inaction on petition." The summary's "Review" section said:

> After the [prehearing conference], [the hearing officer] noted on review of the file that board panel has not acted to reconsider D & O 09–200, and therefore by operation of statute the time for reconsideration of the D & O has expired. Therefore, reconsideration is deemed denied by operation of law, and oral argument for reconsideration is now moot.

Nothing in the record indicates how soon after the prehearing conference the hearing officer noticed that the time for granting reconsideration had expired.

On April 8, 2010, the Fund filed an appeal with the Commission; it also filed a motion to accept a late-filed appeal. Tongass opposed the motion on the basis that "[r]econsideration was statutorily denied by lack of action on January 20, 2010." Tongass argued that the Fund's appeal was not timely and so should be dismissed.

The Commission denied the motion and dismissed the appeal. The Commission found that the Fund had filed a timely reconsideration request, which extended the deadline for filing an appeal. According to the Commission, if the Board had taken no action on the reconsideration request, the Fund's appeal would have been due on March 1, 2010, 30 days from January 29, 2010.[6] But the Commission decided that the Board had taken action on the reconsideration request because of the hearing officer's statement at the January 20, 2010, prehearing conference that the parties "would be notified in writing *by the end of January*

whether the [B]oard would take action on the request for reconsideration." The Commission found that "this representation . . . extended the deadline for the [B]oard to act on the petition for reconsideration from January 29, 2010 to January 31, 2010"; this in turn extended the appeal deadline by two days, to March 3, 2010. Acknowledging that the hearing officer's statement was "unfortunate" and "introduced some confusion regarding the deadlines for . . . filing an appeal," the Commission nonetheless decided that the Fund had not acted with due diligence in contacting the Board to see why no reconsideration decision had been issued by the end of January. The Commission did not explicitly say that the Fund did not have good cause to file an untimely appeal, but it denied the motion to accept a late-filed appeal.

The Fund appeals the Commission's denial of its motion to accept a late-filed appeal and its dismissal of the appeal.

## III. STANDARD OF REVIEW

In a workers' compensation administrative appeal, we directly review the Commission's decision.[7] Interpretation of a statute is a question of law to which we apply our independent judgment.[8] We interpret a statute "according to reason, practicality, and common sense," considering the meaning of its language, the legislative history, and the law's purpose.[9]

## IV. DISCUSSION

### The Fund's Appeal Was Timely.

■ Alaska Statute 23.30.127(e), which governs appeal deadlines to the Commission when a party has requested reconsideration of a Board decision, provides:

> If a request for reconsideration of a board decision was timely filed with the office of the board, the notice of appeal must be

---

6. The Commission did not explain how it arrived at that date, but January 29, 2010, was 30 days from December 30, 2009, the date the Fund filed its petition for reconsideration.

7. *Shehata v. Salvation Army,* 225 P.3d 1106, 1113 (Alaska 2010) (citing *Barrington v. Alaska Commc'ns Sys. Grp., Inc.,* 198 P.3d 1122, 1125 (Alaska 2008)).

8. *Grimm v. Wagoner,* 77 P.3d 423, 427 (Alaska 2003) (citing *Todd v. State,* 917 P.2d 674, 677 (Alaska 1996)).

9. *Id.* (citing *Native Vill. of Elim v. State,* 990 P.2d 1, 5 (Alaska 1999)).

filed within 30 days after the reconsideration decision is mailed to the parties or the date the request for reconsideration is considered denied in the absence of any action on the request, whichever is earlier.

Because the Alaska Workers' Compensation Act has no express provision about reconsideration of Board decisions, the Alaska Administrative Procedure Act governs reconsideration requests. Alaska Statute 44.62.540(a) provides:

The agency may order a reconsideration of all or part of the case on its own motion or on petition of a party. To be considered by the agency, a petition for reconsideration must be filed with the agency within 15 days·after delivery or mailing of the decision. The power to order a reconsideration expires 30 days after the delivery or mailing of a decision to the respondent. If no action is taken on a petition within the time allowed for ordering reconsideration, the petition is considered denied.

In this case, the Board noted that a party must request that the board reconsider a decision in accordance with AS 44.62.540 and 8 Alaska Administrative Code (AAC) 45.050. 8 AAC 45.050 provides that an answer to a petition must be filed within 20 days after the date of service of the petition.[10] The parties here followed this regulation: The Fund petitioned for reconsideration on December 30, 2009, nine days after the Board issued its decision, and Tongass filed its answer to the petition on January 19, 2010, 20 days after the Fund filed its petition for reconsideration.

On appeal, the Fund asserts that its "appeal period was triggered" on the day the hearing officer issued a written decision indicating that the petition had been denied. It argues that the deadline for an appeal would have been 30 days from whenever the Board issued its promised written decision on the petition. Tongass responds that the appeal was due no later than February 19, 2010, because the petition was denied by operation of statute on January 20.

The Commission decided that the appeal was originally due on March 1, 2010, 30 days from January 29, 2010, which the Commission thought was the "deadline for board action on the Fund's petition [for reconsideration]." Tongass asserts that the Commission erred in calculating the appeal deadline, but that the error was harmless because the Commission correctly found that the appeal was late.

We disagree with both the Commission and Tongass. Because the Fund timely requested reconsideration, its appeal was due "within 30 days after the reconsideration decision [was] mailed to the parties or the date the request for reconsideration [was] considered denied in the absence of any action on the request, whichever [was] earlier."[11] Pursuant to AS 44.62.540(a), a petition is considered denied "[i]f no action is taken on a petition within the time allowed for ordering a reconsideration." In its decision, the Commission found that, in promising a decision by the end of January, the Board "took action on the request for reconsideration within the 30–day timeframe required by AS 44.62.540(a) and AS 23.30.127(e)." This determination by the Commission that the Board took action on the reconsideration request—which has not been challenged on appeal by either party—is critical.

Alaska Statute 44.62.540(a) provides in part, "If no action is taken on a petition within the time allowed for ordering reconsideration, the petition is considered denied." If action was taken on the petition, as the Commission found,[12] the Commission was not justified in concluding that the petition was denied by operation of statute.

Because the petition could not be denied by operation of statute after the Board took action on it, the Fund's appeal was due within 30 days of the date the Board's decision about reconsideration was served on the parties.[13] In this case, the Board informed the parties on April 7, 2010, that it had not granted reconsideration, when it faxed them the prehearing conference summary.[14] The

---

10. 8 AAC 45.050(c)(2) (2011).

11. AS 23.30.127(e).

12. Because neither party has challenged this finding, we assume without deciding that it is correct.

13. AS 23.30.127(e).

14. Although the Board said that the petition was denied by operation of statute, its April 7, 2010 prehearing conference summary was the first time it communicated with the parties about

Fund filed its appeal the following day, well within the 30 days permitted by statute, so its appeal was timely. Because the Fund's appeal was timely, the Commission erred in dismissing the appeal.[15]

## V. CONCLUSION

Assuming that the Board took action on the Fund's petition by promising a written decision, as the Commission found in an un-challenged finding, the petition could not be denied by operation of statute. Therefore, the Fund had 30 days to appeal from the date it received notice that reconsideration was denied. Because the Fund filed a timely appeal after the Board gave it written notice that reconsideration was denied, we RE-VERSE the Commission's decision dismissing the appeal. We REMAND the matter to the Commission to hear the appeal on the merits.

CHRISTEN, Justice, not participating.

reconsideration, despite the hearing officer's promise that it would notify them by the end of January of its decision on the petition for reconsideration.

15. Because we determine that the appeal was timely filed, we do not address the other issues raised in this appeal.