23888

GREENWOOD MILLS, INC., Respondent v.
SECOND INJURY FUND, Appellant.

(433 S.E. (2d) 846)

Supreme Court

*Edgar W. Dickson*, of *Williams & Williams*, Orangeburg, *for appellant*.

*William S. Davies Jr.* and *Darryl D. Smalls*, of *Nelson, Mullins, Riley & Scarborough*, Columbia, *for respondent*.

Heard May 19, 1993.

Decided July 6, 1993.

CHANDLER, Justice:

The Second Injury Fund (Fund)[1] apeals Circuit Court's Order holding that the two-year statute of limitations for the finling of Worker's Compensation claims,[2] is inapplicable to claims of employers for reimbursement from the Fund.

---

[1] Fund was created by statute in 1972 to reimburse employers/carriers for Worker's Compensation benefits paid to employees resulting from second or subsequent injuries. Fund's purpose, in part, is to encourage employers to hire handicapped workers. *See* S.C. Code Ann. § 42-7-310 (1976); § 42-9-400 (1976); *Masonry Const. Co. v. Second Injury Fund*, 267 S.C. 277, 227 S.E. (2d) 659 (1976).

[2] S.C. Code Ann. § 42-15-40 (Cum. Supp. 1992).

We affirm.

## FACTS

Respondent, Greenwood Mills, Inc. (Employer),[3] employed Jackie Morris (Employee) in 1979, with knowledge of his pre-existing pulmonary problems and shortness of breath. His last day of work was July 20, 1983.

Six months later, in January, 1984, Employee filed for Worker's Compensation benefits, alleging an occupational disease, byssinosis, caused by the inhaling of cotton dust. On February 20, 1984, Employer filed a "Notice of Claim for Reimbursement from the Second Injury Fund."

Employer settled the Worker's Compensation claim with Employee in May, 1986. In July, 1989, Employer filed a Form 54 application for reimbursement from the Fund. Fund denied the claim on the ground that it was barred by § 42-15-40, the two-year statute of limitations. The Single Commissioner and Full Commission, two Commissioners dissenting, agreed; Circuit Court reversed, finding § 42-15-40 inapplicable.

## ISSUE

Does the two-year statute of limitations governing Employees' claims for Worker's Compensation benefits apply to Employers' claim for reimbursement from the Second Injury Fund?

## DISCUSSION

Code Ann. § 42-15-40 (Cum. Supp. 1992)[4] provides, in part:

The right to *compensation* under this title is barred unless a claim is filed *with the commission* within two years after an accident, or if death resulted from accident, within two years of the date of death. However, for occupational disease claims the two-year period does not begin to run until the *employee* concerned has been diagnosed definitively as having an occupational disease and has been notified of the diagnosis. (Emphasis supplied.)

---

[3] Employer is a self-insured Worker's Compensation carrier.
[4] This section was amended by 1990 Act No. 612, Part II § 15C, effective June 30, 1990. The amendments have no bearing on the present case.

It is well established that "[i]n construing a statute, its words must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation." *First Baptist Church v. City of Mauldin,* ___ S.C. ___, ___, 417 S.E. (2d) 592, 593 (1992); *See also Merchant's Ins. Co. v. South Carolina Second Injury Fund,* 277 S.C. 604, 291 S.E. (2d) 667 (1982).

Section 42-15-40, on its face, is inapplicable to claims by employers against the Second Injury Fund. The statute applies to claims for *compensation,* not *reimbursement;* it governs claims addressed to the *Commission* as opposed to those addressed to the *Fund;* it speaks to an *employee's* injury, not to an *employer's* notice of injury. Nothing in § 42-15-40 references claims against the Second Injury Fund.

To the contrary, the only specific reference to claims against the Fund is set forth in § 42-9-400(f) (1976):

> (f) An *employer* or his carrier shall notify the Industrial Commission and the Director of the *Second Injury Fund* in writing of any possible claim against the fund as soon as practicable but in no event later than after the payment of the first seventy-eight weeks of compensation.
> Failure to comply with the provisions of this subsection shall bar an employer or his carrier from recovery from the fund. (Emphasis supplied.)

We previously recognized that "the right of a claimant to secure reimbursement under the statute [§ 42-9-400(f)] . . . depends upon compliance with the terms and conditions imposed for recovery." *Masonry Const. Co. v. Second Injury Fund,* 267 S.C. 277, 282, 227 S.E. (2d) 659, 662 (1976).

Clearly, the governing statutes for reimbursement of employers is § 42-9-400.

Decisions and statutes from foreign jurisdictions cited by Fund are inapposite inasmuch as they involve claims by *employees* for *additional* compensation for reimbursement. *See generally* Larson, *The Law of Workmen's Compensation,* § 59.31(h) (Vol. 2); *Travelers Ins. Co. v. Austin,* 521 S.W. (2d) 783 (TN 1975); *Church v. Doherty,* 107 R.I. 432, 267 A. (2d) 693 (1970).

Circuit Court correctly held § 42-15-40 inapplicable. The judgment below is

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.