699 S.E.2d 687

TRANSPORTATION INSURANCE COMPANY
AND FLAGSTAR CORPORATION,
Carrier/Respondent,

v.

SOUTH CAROLINA SECOND INJURY FUND, Appellant.

Travelers Insurance Company and Barclays
American, Carrier/Respondent,

v.

South Carolina Second Injury Fund, Appellant.

Travelers Insurance Company and It's
Fashion, Carrier/Respondent,

v.

South Carolina Second Injury Fund, Appellant.

Great American Insurance Co. and Yuasa
Exide, Inc., Carrier/Respondent,

v.

South Carolina Second Injury Fund, Appellant.

Travelers Insurance Company and Marc
Knapp DBA, Carrier/Respondent,

v.

South Carolina Second Injury Fund, Appellant.

Travelers Insurance Company and All American
Termite & Pest, Carrier/Respondent,

v.

South Carolina Second Injury Fund, Appellant.

No. 26880.

Supreme Court of South Carolina.

Heard May 12, 2010.
Decided Sept. 13, 2010.
Rehearing Denied Oct. 6, 2010.

424

Latonya Dilligard Edwards, of Columbia, for Appellant.

Deborah Casey Brown and Kyle A. Hougham, both of Gallivan, White & Boyd, Jason Alexander Griggs, of Wilson, Jones, Carter & Baxley, and Vernon F. Dunbar, of Turner, Padget, Graham & Laney, all of Greenville; Stephen L. Brown, William L. Howard, and Russell G. Hines, all of Young, Clement & Rivers, of Charleston, for Respondents.

Chief Justice TOAL.

We granted South Carolina Second Injury Fund's (Fund) motion to transfer several appeals from the circuit court to this Court. We reverse the decisions of the South Carolina Workers' Compensation Commission.

## FACTS/PROCEDURAL HISTORY

On June 20, 2007, the South Carolina General Assembly passed the Workers' Compensation Reform Act (Reform Act), which provides for the winding down of the Fund by June 30, 2013. *See* S.C.Code Ann. § 42–7–320(A) (Supp.2009). Subsequent to the passage of the Reform Act, several carriers requested reimbursement for claims in which more than ten years had passed since the claimant was injured. The Fund denied reimbursement in those cases based on the general ten-year statute of limitations, which provides "[a]n action for relief not provided for in this chapter must be commenced within ten years after the cause of action shall have accrued." S.C.Code Ann. § 15–3–600 (2005). Carriers in the present action pursued reimbursement in cases in which more than ten years passed since claimant's date of injury.

Travelers Insurance Company (Travelers) insured four of the six employers involved in this action. The four employers insured by Travelers are Barclay's American, It's Fashions, All American Termite & Pest, and Marc Knapp.[1] Travelers is requesting reimbursement for claimants with the following dates of injury: December 19, 1989; July 18, 1994; August 19, 1996; and August 8, 1997. Travelers provided timely and proper notice to the Fund pursuant to South Carolina Code Ann. § 42–9–400 (Supp.2009) in all four of these claims.

Transportation Insurance Company (Transportation) insures Flagstar Corporation and is seeking reimbursement for a claimant with a March 19, 1993 date of injury. Transportation provided proper notice of a possible claim to the Fund pursuant to section 42–9–400.

Great American Insurance Company (Great American) insures Yuasa Exide, Inc., which is now known as EnerSys Corporation. Great American is seeking reimbursement for a January 1, 1996 date of injury.[2] Great American provided

---

1. The Fund believes Marc Knapp, It's Fashions, and All American Termite & Pest are no longer in business because no information was discovered on the Secretary of State's database for these businesses.

2. The commission found the date of injury to be January 24, 2001. January 1, 1996 is the Fund's position for the date of injury.

proper notice of a possible claim to the Fund pursuant to section 42–9–400.

The cases referenced above have been adjudicated by the Workers' Compensation Commission, which ultimately determined the statute of limitations found in section 15–3–600 did not apply to reimbursement cases. The Fund appealed these cases to the circuit court. However, while the appeals were pending, the Fund sought review by this Court and we transferred the appeals from the circuit court to this Court.

## ISSUES

I. Does the statute of limitations provision in section 15–3–600 apply to reimbursement cases pursued against the Fund?

II. When does time begin to accrue for claims brought under section 42–9–400?

III. Does laches apply such that the carriers outlined above are not entitled to reimbursement?

IV. Under section 42–9–400 is Yuasa Exide entitled to reimbursement?

## STANDARD OF REVIEW

 Statutory interpretation is a question of law subject to de novo review. *Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008) (citation omitted). "The construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons." *Dunton v. S.C. Bd. of Exam'rs In Optometry*, 291 S.C. 221, 223, 353 S.E.2d 132, 133 (1987) (citations omitted). The Administrative Procedures Act governs judicial review of the Workers' Compensation Commission's decisions. *See Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 276 S.E.2d 304 (1981). This Court can modify the commission's decision in this case only if the Fund's substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. *See* S.C.Code Ann. § 1–23–380(5)(d), (e) (Supp.2009); *see also Shealy v. Aiken County*, 341 S.C. 448, 454–55, 535 S.E.2d 438, 442

(2000). "Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the Full Commission reached." *Shealy,* 341 S.C. at 455, 535 S.E.2d at 442 (citation omitted).

## LAW/ANALYSIS

### I. Statute of Limitations

The Fund argues the ten-year statute of limitations period outlined in section 15–3–600 applies to reimbursement cases brought pursuant to section 42–9–400. We agree.

"Statutes of limitations are not simply technicalities." *Moates v. Bobb,* 322 S.C. 172, 176, 470 S.E.2d 402, 404 (Ct.App.1996). "Statutes of limitations embody important public policy considerations in that they stimulate activity, punish negligence, and promote repose by giving security and stability to human affairs." *Id.* (citation omitted). Statutes of limitations relieve courts of the burden of trying stale claims of those who have slept on their rights. *See McKinney v. CSX Transp., Inc.,* 298 S.C. 47, 49–50, 378 S.E.2d 69, 70 (Ct.App.1989). "The purpose of statutes of limitation is to ensure litigation is 'brought within a reasonable time in order that evidence be reasonably available and there be some end to litigation.'" *Hooper v. Ebenezer Senior Servs. & Rehab. Ctr.,* 377 S.C. 217, 227, 659 S.E.2d 213, 218 (Ct.App.2008) (quoting *City of North Myrtle Beach v. Lewis–Davis,* 360 S.C. 225, 231, 599 S.E.2d 462, 464 (Ct.App.2004)).

Section 15–3–600 is found in chapter 3 of title 15 which addresses "Limitations of Civil Actions." Section 15–3–600 states, "An action for relief not provided for in this chapter must be commenced within ten years after the cause of action shall have accrued." So that other unnamed civil actions were not excluded from having a limitations period, the legislature created this ten-year default statute of limitations provision for other causes of action not specifically enumerated in title 15. South Carolina Code Ann. § 15–3–20(A) (2005) provides, "Civil actions may only be commenced within the periods prescribed in this title after the cause of action has accrued,

except when, in special cases, a different limitation is prescribed by statute."

When reading a workers' compensation statute this Court will strictly construe its terms, leaving it to the legislature to amend and define any ambiguities. *Wigfall v. Tideland Utils., Inc.,* 354 S.C. 100, 110, 580 S.E.2d 100, 105 (2003). "The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." *Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) (citation omitted). The text of a statute as drafted by the legislature is considered the best evidence of the legislative intent or will. *See id.* "If a statute's language is plain, unambiguous, and conveys a clear meaning, then the rules of statutory interpretation are not needed and a court has no right to impose another meaning." *Strickland v. Strickland,* 375 S.C. 76, 88, 650 S.E.2d 465, 472 (2007) (citation omitted). "The Court will give words their plain and ordinary meaning, and will not resort to a subtle or forced construction that would limit or expand the statute's operation." *Harris v. Anderson County Sheriff's Office,* 381 S.C. 357, 362, 673 S.E.2d 423, 425 (2009) (citation omitted).

Section 42–9–400 is plain and unambiguous. Section 42–9–400(f) states in pertinent part:

An employer or his carrier must notify the Workers' Compensation Commission and the Director of the Second Injury Fund in writing of any possible claim against the fund as soon as practicable but in no event later than after the payment of the first seventy-eight weeks of compensation. . . . Failure to comply with the provisions of this subsection shall bar an employer or his carrier from recovery from the fund.

This is not a statute of limitations, but a notice requirement. Moreover, there is no statute of limitations in title 42 that applies to claims for reimbursement. Reimbursement actions are actions "for relief not provided for in this chapter." S.C.Code Ann. § 15–3–600 (2005). Hence, sections 15–3–20(A) and 15–3–600 mandate that reimbursement actions must commence within ten years after the cause of action shall have accrued. If this were not so, then so long as the notice requirement of 42–9–400(f) was met, these actions could theo-

retically extend endlessly into the future, thwarting the intent of the legislature's passing of section 15-3-600.

In *Greenwood Mills, Inc. v. Second Injury Fund*, 315 S.C. 256, 433 S.E.2d 846 (1993), this Court rejected the contention that the two-year statute of limitations for employees' workers' compensation claims contained in S.C.Code Ann. § 42-15-40 (Supp.2009) also governed claims for reimbursement. *Greenwood Mills*, 315 S.C. at 259, 433 S.E.2d at 848. The question presented in this case was not before the Court in *Greenwood Mills*. *Greenwood Mills* merely addressed whether section 42-15-40 applied to claims for reimbursement. We found that, on its face, section 42-15-40 was inapplicable to claims for reimbursement. *Id.* at 259, 433 S.E.2d at 847. The Court noted that section 42-15-40 "applies to claims for *compensation*, not *reimbursement*; it governs claims addressed to the *Commission* as opposed to those addressed to the *Fund;* it speaks to an *employee's* injury, not to an *employer's* notice of injury." *Id.* (emphasis in original). Like this Court did in *Greenwood Mills*, we must apply the default statute of limitations according to its express terms. Because a reimbursement action is an "action for relief not provided for in this chapter" and there is no statute of limitations in title 42 that applies to claims for reimbursement, section 15-3-600 applies to claims for reimbursement. For these reasons, section 15-3-600 applies to claims for reimbursement, and the decisions of the Workers' Compensation Commission are reversed.

## II. Accrual of Time

 The Fund argues a cause of action for reimbursement accrues on the date of claimant's injury. We disagree.

The Fund contends there are three possible dates on which time starts to accrue: (1) date of claimant's injury; (2) date carrier provides notice to the Fund; and (3) when the underlying claims conclude. The date the claimant is injured is not the proper time because at that time, in most instances, carriers would not be aware of a possible claim to the Fund. We find the proper time for accrual to begin is the date notice is given to the Fund. By the time notice is given, carriers are aware of a possible claim and have up to 78 weeks after paying benefits to notify the Fund of a claim. Hence, a cause of

action for reimbursement begins to accrue on the date a carrier provides notice to the Fund.[3]

### III. Laches

The Fund argues that if the ten-year statute of limitation does not apply, the equitable doctrine of laches bars reimbursement in this case. We disagree.

 "Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court." *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779–80 (2004) (citations omitted). An unappealed ruling is the law of the case and requires affirmance. *See Charleston Lumber Co., Inc. v. Miller Housing Corp.*, 338 S.C. 171, 175, 525 S.E.2d 869, 871 (2000) (citations omitted).

 The Fund's laches claim against Flagstar is not preserved because it failed to plead laches and the full commission did not rule on it. The Fund's laches arguments against Barclay's American, Marc Knapp, and It's Fashions are not preserved because it did not raise laches in the courts below. The Fund's laches argument regarding Yuasa Exide is not preserved because the issue was not pled below and neither the single commissioner nor the full commission ruled on laches. The single commissioner made the following finding of fact in All American Termite & Pest's case, "The SIF waived any defense based on the equitable doctrine of laches by failing to assert the affirmative defense on their Form 55 or Form 58." The Fund failed to appeal the single commissioner's finding to the full commission; thus, it is the law of the case. In summary, the Fund's laches arguments are not properly before this Court either because the issue is not preserved or the issue was unappealed and is now the law of the case.[4]

---

3. The result in this case of accrual beginning when notice is provided is that Great American's claim is the only one that is not precluded by the running of the ten-year statute of limitations.

4. At oral argument there was much discussion regarding laches. While laches does not apply to any of the cases in this appeal, laches could certainly be applicable to cases where carriers seek reimbursement from the Fund.

## IV. Yuasa Exide

The Fund contends Great American is not entitled to reimbursement because claimant's hypertension and liver failure did not preexist claimant's occupational exposure. We disagree.

The Fund failed to cite any authority for its position. Moreover, the half-page argument made by the Fund falls far short of overcoming the substantial evidence standard of review. Hence, the fund has abandoned this issue. *See First Sav. Bank v. McLean,* 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (issue deemed abandoned where appellant failed to provide arguments or supporting authority for his assertion); *Eaddy v. Smurfit–Stone Container Corp.,* 355 S.C. 154, 164, 584 S.E.2d 390, 396 (Ct.App.2003) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not preserved for our review.").

### CONCLUSION

For the foregoing reasons, the decisions of the Workers' Compensation Commission are reversed.

KITTREDGE and HEARN, JJ., concur. PLEICONES, J., concurring in part and dissenting in part in a separate opinion in which Acting Justice JAMES E. MOORE, concurs.

Justice PLEICONES, concurring in part and dissenting in part in a separate opinion.

I dissent in part and concur in part, and would affirm the decisions of the Workers' Compensation Commission (Commission) holding that S.C.Code Ann. § 15–3–600 (2005) is inapplicable to these reimbursement requests.

Chapter 3 of Title 15, entitled "Limitation of Civil Actions," is concerned with the time periods, i.e. statutes of limitation, within which a 'civil action' can be commenced. A "civil action" within the meaning of Title 15 is brought in a court, and is "commenced when the summons and complaint are filed with the clerk of court ..." S.C.Code Ann. § 15–3–20(B)

(2005). *See also* Rule 2, SCRCP: "There shall be one form of action to be known as civil action"; *compare McDowell v. S.C. Dep't of Soc. Serv.,* 304 S.C. 539, 405 S.E.2d 830 (1991) (administrative proceeding is a civil action for purposes of the attorney's fees statute once it reaches circuit court, but not while before agency). On the other hand, a claim for reimbursement from the Fund is made by written notice to the Commission and to the Director of the Fund. S.C.Code Ann. § 42–9–400(f) (Supp.2009). I agree with the Commission that S.C.Code Ann. § 15–3–600, the default statute of limitations provision for civil actions, is irrelevant to the question whether carriers timely pursued their reimbursement claims from the Fund.

The majority also holds that it is following *Greenwood Mills, Inc. v. Second Injury Fund,* 315 S.C. 256, 433 S.E.2d 846 (1993) by applying "the default statute of limitations [i.e. § 15–3–600] according to its express terms." As I read *Greenwood Mills,* it holds that the statute of limitations found in S.C.Code Ann. § 42–15–40 did not apply to Fund reimbursement claims, but that those claims were timely so long as they are made within the period provided by S.C.Code Ann. § 42–9–400(f) (Supp.2009). Here, all the carriers gave proper and timely notice as required by § 42–9–400. In my opinion, *Greenwood Mills* does not support the majority's conclusion that a Fund reimbursement request is a "civil action" within the meaning of Title 15.

In light of my view that the Commission correctly found § 15–3–600 inapplicable, I would not reach the accrual issue. Moreover, I agree with the majority that neither the laches question nor the Yuasa Exide issue is preserved for our appellate review.

I concur in part and dissent in part.

Acting Justice JAMES E. MOORE, concurs.