THIS OPINION HAS NO PRECEDENTIAL
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 
 
 

v.

 
 
 
 Jacqueline C.,
 James H., and Martin C., Defendants,
 Of whom
 Jacqueline C. is the Appellant.
 In the interest
 of a minor child under the age of 18.
 
 
 

Appeal From York County
Henry T. Woods, Family Court Judge

Unpublished Opinion No.  2012-UP-173  
 Submitted March 1, 2012  Filed March 9,
2012

AFFIRMED

 
 
 
 Matthew Jeffrey Lester, of Charlotte,
 North Carolina, for Appellant.
 David E. Simpson, of Rock Hill, for
 Respondent.
 Rosalee Davis, of Lancaster, for Guardian ad
 Litem.
 
 
 

PER CURIAM:  Jacqueline
 C. (Mother) appeals from the family court's final order granting termination of
 parental rights (TPR) to her minor child (Child), arguing the family court
 erred in: (1) terminating parental rights when the Department of Social
 Services' (DSS) complaint did not contain sufficient underlying factual
 circumstances to support the grounds of TPR; (2) applying a recently amended
 statute to prevent extension of a permanency plan longer than eighteen months
 after Child entered foster care; (3) granting TPR on the fifteen of twenty-two
 months ground and the ground that Child was in foster care for eighteen months
 when these grounds were not pled or in existence at the time of DSS's
 complaint; and (4) failing to provide the notice required by section
 63-7-1680(G) of the South Carolina Code (Supp. 2011).  We affirm.[1]  
As to Mother's
 issue regarding the sufficiency of the pleadings: "A petition for [TPR] must set forth the: . . .
 (6) grounds on which [TPR] are sought and the underlying factual
 circumstances."  S.C. Code Ann. § 63-7-2540(6) (2010).  Here, the TPR
 complaint contains sufficient factual pleadings to apprise Mother of the action
 pending against her.  Moreover, this issue was never raised to the family
 court.  Accordingly, this argument is without merit.  
As to Mother's
 issue regarding the extension of a
 permanency plan longer than eighteen months: If at the permanency plan hearing,
 the family court determines custody of the child should not yet be returned, "but
 that the child may be returned to the parent within a specified reasonable time
 not to exceed eighteen months after the child was placed in foster care, the
 court may order an extension of the [placement] plan."  S.C. Code Ann. §
 63-7-1700(F) (Supp. 2011).  The amended statute would apply because it was
 effective at the time of the TPR hearing.  This section restricts the family
 court from extending a plan to reunify the parents with Child past a period of
 eighteen months.  Because extending a placement plan of reunification would
 exceed this limit, the family court did not err.  Accordingly, we affirm.
As to Mother's
 issue regarding the failure to provide
 the notice required by statute: "The court shall include in its order and
 shall advise defendants on the record that failure to remedy the conditions
 that caused the removal within six months, may result in termination of
 parental rights . . . ."  S.C. Code Ann. § 63-7-1680(G) (Supp. 2011). 
 Here, the family court followed the law at the time it adopted the placement
 plan, and Mother received warning that failure to comply could result in TPR. 
 Accordingly, this issue is without merit.
As to Mother's
 remaining issues: Mother failed to
 challenge two of the statutory grounds for TPR and the finding that TPR was in
 Child's best interest.  Therefore, these findings are the law of the case.  See Transp. Ins. Co. & Flagstar Corp. v. S.C. Second Injury Fund, 389
 S.C. 422, 431, 699 S.E.2d 687, 691 (2010) ("An unappealed ruling is the law
 of the case and requires affirmance."); see also S.C. Code Ann. § 63-7-2570
 (Supp. 2011) (stating the family court may order TPR upon finding one or more
 of eleven statutory grounds is satisfied and also finding TPR is in the best
 interest of the child).  Moreover, the record supports terminating Mother's
 parental rights on the grounds set forth in the family court's order and the
 finding that TPR is in Child's best interest.
AFFIRMED.
WILLIAMS,
 THOMAS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 rule 215, SCACR.