**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Tasha M., Jerome M., Roosevelt M., John Doe #1, John Doe #2, Defendants,

Of whom Tasha M. is the Appellant,

In the interest of three minor children under the age of 18.

Appellate Case No. 2011-201688

---

Appeal From Williamsburg County
Angela R. Taylor, Family Court Judge

---

Unpublished Opinion No. 2012-UP-473
Submitted July 2, 2012 – Filed July 27, 2012

---

**AFFIRMED**

---

Joe Ann M. Calvy, of Kingstree, for Appellant.

Ernest Joseph Jarrett, of Jenkinson, Jarrett & Kellahan, PA, of Kingstree, for Respondent.

William M. O'Bryan, Jr., of O'Bryan & O'Bryan, of Kingstree, for Guardian ad Litem.

---

**PER CURIAM:** Tasha M. (Mother) appeals the family court's termination of her parental rights to her three minor children (Children). The family court found clear and convincing evidence supported termination of Mother's parental rights on the grounds that Children were in foster care for fifteen of the last twenty-two months, Mother failed to support Children, and Mother failed to remedy the conditions that caused removal. Mother argues the family court erred in terminating her parental rights when the Department of Social Services (DSS) failed to prove by clear and convincing evidence the grounds for termination of parental rights (TPR) and that TPR was in Children's best interest. We affirm.[1]

The grounds for TPR must be proven by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999). "Upon review, the appellate court may make its own finding from the record as to whether clear and convincing evidence supports the termination [of parental rights]." *S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 609, 582 S.E.2d 419, 423 (2003). However, despite our broad scope of review, this court is not required to disregard the findings of "the family court, who saw and heard the witnesses, [and] was in a better position to evaluate their credibility and assign comparative weight to their testimony." *Id.* (internal quotation marks omitted). The family court may order TPR upon finding one or more of eleven statutory grounds is met and TPR is in the child's best interests. S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2011). "[T]he best interests of the children are the paramount consideration." *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010).

One statutory ground for TPR was met because Children have been in foster care for fifteen of the most recent twenty-two months. *See* S.C. Code Ann. § 63-7-2570(8) (2010) (explaining one statutory ground for TPR is met when "[t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months"). Mother did not appeal this ground, and therefore, this finding is the law of the case. *See Transp. Ins. Co. & Flagstar Corp. v. S.C. Second Injury Fund*, 389 S.C. 422, 431, 699 S.E.2d 687, 691 (2010) ("An

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

unappealed ruling is the law of the case and requires affirmance.").  Additionally, the record contains testimony that TPR was in Children's best interest.  Children have special needs that require regular doctor's appointments and medication.  They have thrived in their foster homes.  To date, Mother has failed to fully comply with her treatment plan.  Furthermore, the record indicates Mother's ability to live independently and properly care for Children without assistance is limited.  Although Mother and Children seem to have a loving parent-child relationship, Children would be best served by the stability offered by TPR.  An adoptive family has been identified and approved to adopt all three of the children together, offering stability in the future.  These considerations and Children's Guardian ad Litem's opinion that TPR would best serve Children further convince us that it is in the best interest of Children to terminate Mother's parental rights.  Accordingly, we find clear and convincing evidence in the record shows TPR is in Children's best interest.  Based on the foregoing, we affirm the family court's order terminating Mother's parental rights.

**AFFIRMED.**[2]

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.