772 S.E.2d 286

Orlando SMITH, Petitioner,

v.

The STATE of South Carolina, Respondent.

Appellate Case No. 2012–213673.
No. 5316.

Court of Appeals of South Carolina.

Submitted March 4, 2015.
Decided May 13, 2015.

Appellate Defender Susan Barber Hackett, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

KONDUROS, J.

In this case involving section 17–28–30 of the South Carolina Code (2014), which provides for post-conviction DNA testing, Orlando Smith appeals the circuit court's application of the seven-year time limit for defendants who pled guilty or no contest. He argues he pled not guilty and the statute contains no time limit for those defendants. We reverse and remand.

In July 2000, Smith was tried and convicted of murder after pleading not guilty. The trial court sentenced him to thirty years' imprisonment.[1]

---

[1] Smith filed an appeal, an application for post-conviction relief (PCR), and a petition for writ of habeas corpus, all of which were dismissed.

In 2008, the South Carolina General Assembly passed the Access to Justice Post–Conviction DNA Testing Act (the Act), and on January 1, 2009, it became effective. *See* S.C.Code Ann. § 17–28–10 to –120 (2014), 2008 S.C. Acts 413, § 1. Section 17–28–30(B) states:

> A person who *pled guilty or nolo contendere* to at least one of the offenses enumerated in subsection (A), was subsequently convicted of or adjudicated delinquent for the offense, is currently incarcerated for the offense, and asserts he is innocent of the offense may apply for forensic DNA testing of his DNA and any physical evidence or biological material related to his conviction or adjudication *no later than seven years from the date of sentencing.*

(emphases added). Section 17–28–30(A) states:

> A person *who pled not guilty* to at least one of the following offenses, was subsequently convicted of or adjudicated delinquent for the offense, is currently incarcerated for the offense, and asserts he is innocent of the offense may apply for forensic DNA testing of his DNA and any physical evidence or biological material related to his conviction or adjudication:
>
> (1) murder . . . .

(emphasis added).

Smith wrote to the Greenville County Clerk of Court (the Greenville Clerk) requesting an application for Post–Conviction DNA Testing (Application) on February 17, 2009. On March 19, 2009, South Carolina Court Administration sent Smith a letter stating it was developing an Application, which it would distribute and post on the South Carolina Judicial Department website upon the South Carolina Supreme Court's approval.

Smith submitted an Application to the Greenville Clerk dated December 16, 2009. The Greenville Clerk responded with a supreme court order dated April 10, 2009, stating that although the court had created the Application, it would not be accepted until the Act was implemented by the appropriation of funds.

Following the dismissal of a second PCR application by Smith, he appealed to the supreme court. The South Carolina Supreme Court Clerk asked for an explanation of any argua-

ble basis for the assertion the decision was improper regarding the PCR court's findings of untimeliness and successiveness, pursuant to Rule 243(c), SCACR.[2] Smith responded, detailing his previous attempts to obtain DNA testing. The supreme court dismissed the notice of appeal, finding Smith had not shown an arguable basis for asserting the PCR court's determination was improper. However, the order also stated Smith "may submit another Application for DNA Testing to the [Greenville Clerk] pursuant to the Access to Justice Post Conviction DNA Testing Act, and that application should be processed as set forth in the Act." (citation omitted).

Smith filed another Application dated February 23, 2012.[3,4] In response, the solicitor argued the Application was untimely.[5] The solicitor asserted section 17–28–30(B) required Smith

2. Rule 243(c), SCACR, provides:

If the lower court has determined that the [PCR] action is barred as successive or being untimely under the statute of limitations, the petitioner must, at the time the notice of appeal is filed, provide an explanation as to why this determination was improper. This explanation must contain sufficient facts, argument and citation to legal authority to show that there is an arguable basis for asserting that the determination by the lower court was improper. If the petitioner fails to make a sufficient showing, the notice of appeal may be dismissed.

3. The Greenville Clerk's office indicated on March 20, 2012, it had received the Application.

4. On March 21, 2012, the circuit court ordered Smith be appointed counsel. All of the filings in the circuit court contained in the record as well as the notice of appeal were done by Smith pro se. Smith asserted he was appearing pro se in his motion for default judgment. Nothing in the record indicates any counsel appeared on behalf of Smith in support of his Application until the petition for writ of certiorari was filed with this court.

5. The solicitor's response was filed June 19, 2012, which Smith asserts was after the ninety days required by the statute for it to respond because the solicitor indicated it received the Application on February 23, 2012. See § 17–28–50(B) ("Within ninety days after the forwarding of the application, or upon any further time the court may fix, the solicitor of the circuit in which the applicant was convicted or adjudicated, or the Attorney General if the Attorney General prosecuted the case, shall respond to the application."). Smith moved for default judgment on July 5, 2012, asserting the State had not responded. The record contains no ruling by the circuit court, and Smith contends it did not rule on the motion.

to file his Application within seven years of sentencing. Specifically, it provided Smith was convicted and sentenced on July 19, 2000, and his Application was received February 23, 2012, and therefore, his Application was not filed within seven years of sentencing. The solicitor also set forth additional ways in which Smith's Application did not meet the requirements of the Act.

The circuit court denied Smith's Application, concluding the Application was timed barred by section 17–28–30(B). Smith filed a Rule 59(e), SCRCP, motion to alter or amend, arguing the circuit court applied "the wrong code of law" to his Application. He asserted subsection B, which the circuit court applied, did not apply to his Application because he had not pled guilty. He contended subsection A applied to him and it did not include a limitations period. The circuit court denied Smith's motion stating:

> This [c]ourt reiterates its finding that [section] 17–28–30(B) applies to those applicants who entered a plea of not guilty and were convicted at trial ("A person who . . . was . . . convicted . . . for the offense, is currently incarcerated for the offense, and asserts he is innocent of the offense may apply for DNA testing . . . no later than seven years from the date of sentencing.").[6]

(omissions by circuit court). Smith filed a notice of appeal. Smith's counsel later filed a petition for writ of certiorari. The State filed a return in support of the writ for certiorari. This court granted the petition for writ of certiorari.

■ Smith contends the circuit court erred in applying the seven-year time limit found in section 17–28–30(B), which applies to individuals who pled guilty or no contest by its clear and unambiguous language, to his Application when he pled not guilty, requiring application of section 17–28–30(A), which contains no time limit. The State agrees with Smith's argument. We agree as well.

■ "Statutory interpretation is a question of law subject to de novo review." *Transp. Ins. Co. v. S.C. Second Injury Fund*, 389 S.C. 422, 427, 699 S.E.2d 687, 689 (2010).

---

6. Both of the circuit court's orders only address the seven-year time limit as the basis for denying Smith's Application. The orders do not mention any of the solicitor's other grounds for denial.

Questions of statutory interpretation are questions of law, which we are free to decide without any deference to the court below. It is well-established that [t]he cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will. Therefore, the courts are bound to give effect to the expressed intent of the legislature. Thus, we must follow the plain and unambiguous language in a statute and have no right to impose another meaning.

*Grier v. AMISUB of S.C., Inc.*, 397 S.C. 532, 535–36, 725 S.E.2d 693, 695 (2012) (alteration by court) (citations and internal quotation marks omitted).

 "In construing statutory language, the statute must be read as a whole and sections which are a part of the same general statutory law must be construed together and each one given effect. A statute should not be construed by concentrating on an isolated phrase." *S.C. State Ports Auth. v. Jasper Cnty.*, 368 S.C. 388, 398, 629 S.E.2d 624, 629 (2006) (citation omitted). "Words in a statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's application." *Epstein v. Coastal Timber Co.*, 393 S.C. 276, 285, 711 S.E.2d 912, 917 (2011).

The circuit court omitted the phrase "who pled guilty or no contest" in its recitation of subsection B, finding it applied to defendants who pled not guilty. When the statute is read in full, particularly without omissions, the only interpretation is the seven-year limit only applies to those who pled guilty or no contest. Because the subsection that applied to those who pled *not* guilty does not include such a limitation, nothing indicates the legislature intended a time limit for defendants who pled not guilty. Therefore, the circuit court erred in applying subsection B to Smith and finding the seven-year time limit barred his Application. Accordingly, we reverse the circuit court's decision and remand for the circuit court to consider Smith's Application.[7]

---

7. The solicitor asserted several additional reasons why Smith's Application did not meet the requirements provided by the Act, but the circuit court did not rule on those arguments. Consequently, those arguments

478

**REVERSED AND REMANDED.**[8]

THOMAS and GEATHERS, JJ., concur.

---

may be considered by the circuit court on remand. *See* § 17–28–90(B) ("The court shall order DNA testing of the applicant's DNA and the physical evidence or biological material upon a finding that the applicant has established each of the following factors by a preponderance of the evidence ... (3) the physical evidence or biological material sought to be tested is material to the issue of the applicant's identity as the perpetrator of, or accomplice to, the offense ...; (4) the DNA results of the physical evidence or biological material sought to be tested would be material to the issue of the applicant's identity as the perpetrator of, or accomplice to, the offense ...; (5) if the requested DNA testing produces exculpatory results, the testing will constitute new evidence that will probably change the result of the applicant's conviction or adjudication if a new trial is granted and is not merely cumulative or impeaching....").

8. We decide this case without oral argument pursuant to Rule 215, SCACR.