**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Eileen Critcher, Appellant,

v.

Susan Critcher Rhodes, individually and as Personal Representative of the Estate of Roy G. Critcher; Wanda C. Akers; and Belinda Critcher Thomas, Respondents.

Appellate Case No. 2013-002032

Appeal From York County
S. Jackson Kimball, III, Special Circuit Court Judge

Unpublished Opinion No. 2015-UP-406
Submitted June 1, 2015 – Filed August 12, 2015

**AFFIRMED**

Sean Francis Cronin, of the Law Offices of Michael L. Brown, Jr., and John Martin Foster, both of Rock Hill, for Appellant.

B. Michael Brackett, of Moses & Brackett, PC, of Columbia, for Respondents.

**PER CURIAM:** Eileen Critcher (Wife) appeals the trial court's decision to grant summary judgment in favor of Susan Rhodes, Wanda C. Akers, and Belinda Thomas (collectively, Respondents). On appeal, Wife contends (1) summary judgment was not warranted in light of incomplete discovery, (2) the trial court erred in not admitting her affidavit, (3) summary judgment was improper based on the doctrine of equitable estoppel, and (4) summary judgment was improper based on the doctrine of equitable tolling. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to incomplete discovery: *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) ("Summary judgment is a drastic remedy and must not be granted until the opposing party has had a full and fair opportunity to complete discovery."); *id.* ("Nonetheless, the nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is not merely engaged in a fishing expedition." (internal quotation marks omitted)); *Guinan v. Tenet Healthsystems of Hilton Head, Inc.*, 383 S.C. 48, 54-55, 677 S.E.2d 32, 36 (Ct. App. 2009) ("A party claiming summary judgment is premature because they have not been provided a full and fair opportunity to conduct discovery must advance a good reason why the time was insufficient under the facts of the case, and why further discovery would uncover additional relevant evidence and create a genuine issue of material fact.").

2. As to Wife's affidavit: *Transp. Ins. Co. & Flagstar Corp. v. S.C. Second Injury Fund*, 389 S.C. 422, 431, 699 S.E.2d 687, 691 (2010) ("An unappealed ruling is the law of the case and requires affirmance.").

3. As to equitable estoppel: *Blue Ridge Realty Co. v. Williamson*, 247 S.C. 112, 122, 145 S.E.2d 922, 927 (1965) ("The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially."); *Kelly v. Logan, Jolley, & Smith, L.L.P.*, 383 S.C. 626, 638, 682 S.E.2d 1, 7 (Ct. App. 2009) ("The party asserting equitable estoppel bears the burden of establishing all the elements.").

4. As to equitable tolling:  *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.