**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Old Republic Insurance Company, Appellant,

v.

SC Second Injury Fund, Respondent.

In Re: Carl Hutchins, Employee v. Pepsi Bottling Group and Old Republic Insurance Company, Employer and Carrier, Appellants.

Appellate Case No. 2014-001083

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2016-UP-192
Submitted December 16, 2015 – Filed May 11, 2016

**AFFIRMED**

Andrew D. Smith, of Andrew D. Smith LLC, of Charleston, for Appellants.

Latonya Dilligard Edwards, of Dilligard Edwards, LLC, of Columbia, for Respondent.

**PER CURIAM:** Old Republic Insurance Company (Carrier) appeals the order of the South Carolina Workers' Compensation Commission holding it was not entitled to reimbursement from the South Carolina Second Injury Fund (the Fund). We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Carrier's argument the Appellate Panel of the South Carolina Workers' Compensation Commission erred in holding Carrier's claim for reimbursement was barred because it failed to provide the Fund with all required information prior to the statutory deadline: S.C. Code Ann. § 42-7-320(B)(2) (2015) ("An employer, self-insurer, or insurance carrier must submit all required information for consideration of accepting a claim to the Second Injury Fund by June 30, 2011. Failure to submit all required information to the [F]und by June 30, 2011, so that the claim can be accepted, compromised, or denied shall bar an employer, self-insurer, or insurance carrier from recovery from the [F]und."); S.C. Code Ann. § 42-9-400 (2015) (listing the information an employer making a claim for reimbursement from the Fund must submit, including (1) information that the claimant has a preexisting permanent impairment that, when combined with a work-related injury, would result in greater liability for substantially greater disability; (2) either the employer's knowledge of the permanent physical impairment at the time the claimant was employed or retained in employment or the claimant's concealment from the employer of the existence of the condition; and (3) information that the permanent condition constituted a hindrance or obstacle to the claimant's obtaining employment or reemployment); *Transp. Ins. Co. & Flagstar Corp. v. S.C. Second Injury Fund*, 389 S.C. 422, 429, 699 S.E.2d 687, 690 (2010) ("When reading a workers' compensation statute [the appellate court] will strictly construe its terms, leaving it to the legislature to amend and define any ambiguities."); *id.* ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." (quoting *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000)); *id.* at 427, 699 S.E.2d at 689 ("The construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons." (quoting *Dunton v. S.C. Bd. of Exam'rs In Optometry*, 291 S.C. 221, 223, 353 S.E.2d 132, 133 (1987))).

2.  As to the remaining issues: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address remaining issues when its disposition of a prior issue is dispositive).

**AFFIRMED.[1]**

**HUFF, A.C.J., and WILLIAMS and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.