**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Johnny Tucker, Employee, Appellant,

v.

SC Department of Transportation, Employer, and State Accident Fund, Carrier, Respondents.

Appellate Case No. 2015-002575

───────────

Appeal From The Workers' Compensation Commission

───────────

Unpublished Opinion No. 2017-UP-379
Submitted September 1, 2017 – Filed October 18, 2017

───────────

**REVERSED AND REMANDED**

───────────

Preston F. McDaniel, of McDaniel Law Firm, of Columbia; and Gerald Malloy, of Malloy Law Firm, of Hartsville, for Appellant.

Sarah Sutusky Alphin and John Paul Simkovich, both of Willson Jones Carter & Baxley, P.A., of Columbia, for Respondents.

───────────

**PER CURIAM:** Johnny Tucker appeals the order of the Appellate Panel of the South Carolina Workers' Compensation Commission (the Appellate Panel) that affirmed the decision of the single commissioner to dismiss his claim with

prejudice because his application for a change of condition was not timely filed. On appeal, Tucker argues the Appellate Panel erred in affirming the single commissioner's denial of his application for a change of condition (1) on the basis that his application was not timely filed, (2) when the South Carolina Department of Transportation (SCDOT) and the State Accident Fund (collectively, Respondents) failed to plead untimeliness as an affirmative defense, and (3) when Respondents were estopped from alleging untimeliness under the facts of the case. Additionally, Tucker argues the Workers' Compensation Commission (the Commission) erred as a matter of law by not submitting his motion and petition for rehearing to the Appellate Panel that issued the initial decision and by not making detailed findings of fact and conclusions of law as required by law on all of the essential issues presented to it for decision. Based on this court's decision in *Wilson v. Charleston County School District*, 419 S.C. 442, 798 S.E.2d 449 (Ct. App. 2017), *petition for cert. filed*, (S.C. July 24, 2017), we reverse and remand to the single commissioner to consider the merits of Tucker's change of condition application.

This court can modify the Appellate Panel's decision when its "decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." *Transp. Ins. Co. & Flagstar Corp. v. S.C. Second Injury Fund*, 389 S.C. 422, 427, 699 S.E.2d 687, 689-90 (2010). "A change in condition occurs when the claimant experiences a change in physical condition as a result of [his] original injury, occurring after the first award." *Gattis v. Murrells Inlet VFW No. 10420*, 353 S.C. 100, 109, 576 S.E.2d 191, 196 (Ct. App. 2003). A "change of condition" application is governed by section 42-17-90(A) of the South Carolina Code (2015):

> On its own motion or on the application of a party in interest on the ground of a change in condition, the [C]ommission may review an award and on that review may make an award ending, diminishing, or increasing the compensation previously awarded, on proof by a preponderance of the evidence that there has been a change of condition caused by the original injury, after the last payment of compensation. . . . The review does not affect the award as regards any monies paid and the review must not be made after twelve months from the date of the last payment of compensation pursuant to an award provided by this title.

In *Wilson*, the claimant had a 45% percent disability to her back due to cervical and lumbar injuries. 419 S.C. at 458, 798 S.E.2d at 457. The Form 19, reflecting the date of last payment of compensation to the claimant, was filed on January 25, 2008. *Id.* On January 6, 2009, the claimant filed a Form 50 Notice of Claim alleging a change of condition that her back injury was affecting her mental health. *Id.* The claimant did not request a hearing at that time and did not file a Form 50 Request for Hearing on her change of condition claim until March 29, 2011. *Id.* at 458, 798 S.E.2d at 457-58. This court held:

> Although [the claimant] did not file the subsequent Form 50 requesting a hearing on her change of condition claim until March 29, 2011, we find her January 6, 2009 Form 50 Notice of Claim alleging a change of condition satisfied the statute's plain and unambiguous requirement that such a claim be filed within the twelve-month deadline.

*Id.* at 458, 798 S.E.2d at 458.

Here, Tucker sustained an admitted injury to his left shoulder by accident arising out of and in the course and scope of his employment with SCDOT on May 2, 2011. He was awarded 5% permanent partial disability to his left shoulder. The Form 19 reflecting the date of last payment of compensation was filed on November 28, 2012. Subsequently, on May 2, 2013, Tucker filed a Form 50 Notice of Claim alleging a change of condition. On July 30, 2014, Tucker filed a Form 50 Request for Hearing seeking additional medical treatment and temporary total disability for his change of condition. Because Tucker filed his Form 50 Notice of Claim for a change of condition before the twelve-month statutory deadline, we find his application for a change of condition was timely filed. *See Wilson*, 419 S.C. at 458, 798 S.E.2d at 458 (holding the claimant's filing of a Form 50 Notice of Claim within twelve months of the last date of payment of compensation satisfied the statute's twelve-month deadline despite the claimant not filing a Form 50 Request for Hearing until after twelve months from the last date of payment of compensation).[1]

---

[1] Because the Appellate Panel's error as to this issue requires this court to reverse and remand to the single commissioner for a decision on the merits, we decline to address Tucker's remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) ("[An] appellate

**REVERSED AND REMANDED.**[2]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

court need not address remaining issues when disposition of [a] prior issue is dispositive.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.