**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Joan Barra, Employee,

v.

Charleston County, Self-Insured Employer, Through the South Carolina Counties Workers' Compensation Trust, Carrier,

In Re: Charleston County and the South Carolina Counties Workers' Compensation Trust, Respondents,

v.

South Carolina Second Injury Fund, Appellant.

Appellate Case No. 2016-001281

———————

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-279
Submitted May 1, 2018 – Filed June 27, 2018

———————

**AFFIRMED**

———————

Latonya Dilligard Edwards, of Dilligard Edwards, LLC, of Columbia, for Appellant.

Kirsten Leslie Barr, of Trask & Howell, LLC, of Mount Pleasant, for Respondents.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Hopper v. Terry Hunt Constr.*, 373 S.C. 475, 479, 646 S.E.2d 162, 164 (Ct. App. 2007) ("The Administrative Procedures Act applies to appeals from decisions of the [Workers' Compensation] Commission."), *aff'd*, 383 S.C. 310, 680 S.E.2d 1 (2009); *Transp. Ins. Co. & Flagstar Corp. v. S.C. Second Injury Fund*, 389 S.C. 422, 427, 699 S.E.2d 687, 689 (2010) ("Statutory interpretation is a question of law subject to de novo review."); S.C. Code Ann. § 15-3-600 (2005) ("An action for relief not provided for in this chapter must be commenced within ten years after the cause of action shall have accrued."); *Transp. Ins. Co.*, 389 S.C. at 429, 699 S.E.2d at 691 (ruling the ten-year statute of limitations in section 15-3-600 applies to reimbursement actions against the Second Injury Fund (the Fund)); *id.* at 430-31, 699 S.E.2d at 691 ("[A] cause of action for reimbursement begins to accrue on the date a carrier provides notice to the Fund.").[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] Respondents commenced their action for reimbursement upon filing their claim with the Fund on February 16, 2001, which was within ten years of their February 18, 1997 notice of the claim to the Fund.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.