# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Paul Roy Osmundson, Appellant,

v.

School District 5 of Lexington and Richland Counties, Respondent.

Appellate Case No. 2023-000104

---

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

---

Opinion No. 6066
Heard June 4, 2024 – Filed June 26, 2024

---

## REVERSED AND REMANDED

---

Joel W. Collins, Jr., of Collins & Lacy, PC, and Patrick Devin Quinn, of Nelson Mullins Riley & Scarborough, LLP, both of Columbia, for Appellant.

James Edward Bradley, of Moore Bradley Myers, PA, of West Columbia, for Respondent.

---

**THOMAS, J.:**  Paul Roy Osmundson appeals the dismissal of his action under the Freedom of Information Act (FOIA)[1] against School District 5 of Lexington and Richland Counties (the District), arguing the circuit court erred in (1) granting a motion to dismiss for failure to request a hearing within ten days of service of the action, and (2) denying a motion to reconsider.  We reverse and remand.

---

[1] S.C. Code Ann. §§ 30-4-10 to -165 (2007 & Supp. 2023).

**FACTS**

Osmundson, an editor at The State Media Co., filed this action against the District, alleging violations of the FOIA. The initial complaint was served on July 28, 2021. Osmundson alleged the Board of Trustees of the District refused Laurene Mensch's prior FOIA request, which requested a list of and details regarding prior and planned 2021 meetings. The complaint further alleged the Board secretly voted to terminate the Superintendent; removed from the minutes of the meeting an opinion of the South Carolina Attorney General that explained the need for meetings of Board officers to be open to the public; secretly negotiated a termination agreement with the superintendent, Dr. Christina Melton (the Superintendent); and deliberately misled the public regarding the Superintendent's "resignation." The complaint sought a declaratory judgment, including injunctive relief requiring "all Board of Trustees [meetings] and Meetings of Board Officers to be conducted openly and in strict compliance with . . . [the FOIA]; a civil fine; and attorneys' fees and costs." An amended complaint was filed on August 16, 2021. In addition to the allegations in the first complaint, it alleged the Trustees of the District circumvented the FOIA by creating standing committees that regularly met without compliance with the FOIA. As additional relief, it sought a declaration that the District's handling of the Superintendent's termination was a willful FOIA violation.

The District filed an answer, generally denying the allegations. The District and Osmundson each filed a motion for summary judgment; the District filed a motion to dismiss; and the parties filed memoranda in support of and in opposition to the motions.

During a July 18, 2022 WebEx hearing on the motions, the District argued the issues were moot; thus, Osmundson was entitled only to attorney's fees. The District also argued the FOIA requires a plaintiff to *request* the hearing within ten days and Osmundson's failure to do so was a ground for dismissal.

Osmundson argued, *inter alia*, that he requested a hearing within ten days of service on all parties in the body of the amended complaint. Osmundson noted "mindful[ness] of the fact that [the court was] operating under the very serious limitations of the Covid protocols" and argued the burden was not on a plaintiff to "strong arm the clerk of court or brow beat the judge's law clerk" to insure a hearing was held within ten days. Osmundson argued the statute imposes the duty

on the court to schedule a hearing without a requirement for the party to do anything further other than to request it under the statute, which he did. Furthermore, Osmundson argued a party is incapable of unilaterally scheduling a hearing.

In a form order filed October 20, 2022, the circuit court found Section 30-4-100(A) of the FOIA required a hearing to be held within ten days of the service of the complaint "and a scheduling order to conclude the action [had to] be held within six months."  Because "no hearing was held within the allotted timeframe[,]" the motion to dismiss was granted.  Osmundson moved to reconsider, which the court denied.  This appeal followed.

**STANDARD OF REVIEW**

Osmundson's argument raises a legal question, which we review de novo.  *See Transp. Ins. Co. v. S.C. Second Injury Fund*, 389 S.C. 422, 427, 699 S.E.2d 687, 689 (2010) (holding questions of statutory interpretation are questions of law which are subject to de novo review); *Proctor v. Steedley*, 398 S.C. 561, 573, 730 S.E.2d 357, 363 (Ct. App. 2012) (stating an appellate court employing the de novo standard of review is "is free to decide questions of law with no particular deference to the trial court").

**LAW/ANALYSIS**

**A.    DISMISSAL**

Osmundson argues the circuit court erred in dismissing the action.  We agree.

The FOIA provision relied upon by the circuit court provides the following:

> (A) A citizen of the State may apply to the circuit court for a declaratory judgment, injunctive relief, or both, to enforce the provisions of this chapter . . . .  Upon the filing of the request for declaratory judgment or injunctive relief related to provisions of this chapter, *the chief administrative judge of the circuit court must schedule an initial hearing within ten days of the service on all parties.*  If the hearing court is unable to make a final ruling at the initial hearing, the court shall establish a scheduling order to conclude actions brought pursuant

to this chapter within six months of initial filing. The court may extend this time period upon a showing of good cause.

S.C. Code Ann. § 30-4-100(A) (Supp. 2023) (emphasis added); *see Davis v. S.C. Educ. Credit for Exceptional Needs Child. Fund*, 441 S.C. 187, 191 n.2, 893 S.E.2d 330, 332 n.2 (Ct. App. 2023) ("Initial hearings under FOIA are generally supposed to be scheduled 'within ten days of the service on all parties.'") (quoting S.C. Code Ann. § 30-4-100 (Supp. 2022))).  Neither the circuit court nor the parties cite law interpreting the ten-day hearing requirement.  Thus, we look to the law regarding statutory interpretation.

"The cardinal rule of statutory interpretation is to ascertain and effectuate the legislative intent whenever possible." *Mitchell v. City of Greenville*, 411 S.C. 632, 634, 770 S.E.2d 391, 392 (2015).  "[W]e must first attempt to construe a statute according to its plain language, and if the language of a statute is plain, unambiguous, and conveys a clear meaning, 'the rules of statutory interpretation are not needed and the court has no right to impose another meaning.'" *Odom v. Town of McBee Election Comm'n*, 427 S.C. 305, 310-11, 831 S.E.2d 429, 432 (2019) (quoting *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000)).

We find the plain meaning of this statute requires the chief administrative judge of the circuit court to schedule an initial hearing within ten days.  The statute states "the chief administrative judge of the circuit court must schedule an initial hearing within ten days . . . ."  § 30-4-100(A).  Both the complaint and the amended complaint stated Osmundson sought "an initial hearing within ten days of service on all parties pursuant to § 30-4-100(A)."  Our Legislature has not mandated a requirement that a party filing a FOIA action be the party responsible for scheduling an initial hearing and we decline to impose such a requirement.  *See Liberty Mut. Ins. Co. v. S.C. Second Inj. Fund*, 363 S.C. 612, 622, 611 S.E.2d 297, 302 (Ct. App. 2005) ("If a statute's language is unambiguous and clear, there is no need to employ the rules of statutory construction and [the appellate court] has no right to look for or impose another meaning.").

Based on the plain language of the statute, we find the circuit court erred in dismissing the action.  However, we also find the legislative intent behind the ten-day requirement was to benefit FOIA applicants.  *See State v. Landis*, 362 S.C. 97, 102, 606 S.E.2d 503, 505 (Ct. App. 2004) ("All rules of statutory construction are subservient to the one that legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light

of the intended purpose of the statute.").  A review of the legislative history indicates the amendments to the FOIA since its enactment have been to expand rights; thus, we find the purpose of the ten-day requirement was to expedite resolution, not to erect a procedural barrier.  South Carolina's FOIA was enacted in 1978 and provided that a citizen could apply to the circuit court for injunctive relief if the application was made within sixty days of the alleged violation.  1978 S.C. Act No. 593, §11 (eff. Jul. 18, 1978).  In 1987, it was amended to extend the time for filing to one year; provide additionally for declaratory relief; and state that violations constituted irreparable injury for which no adequate remedy at law existed.  1987 S.C. Act No. 118, § 8 (eff. May 26, 1987).  In 2017, it was amended to add the language at issue in this case.  2017 S.C. Act No. 67, §4 (eff. May 19, 2017).  We find the legislative history of South Carolina's FOIA indicates amendments have generally been *in favor of*, not against, requesters.

We find the circuit court erred in dismissing the action because no hearing was held within ten days of the date of service of the action; accordingly, we reverse and remand.[2]

## B.     MOTION TO RECONSIDER

Osmundson argues the circuit court erred in denying his motion to reconsider based on Rule 59(g) of the South Carolina Rules of Civil Procedure because Osmundson did not provide a copy of the motion to the court, as required by the rule, within ten days of the filing of the motion.  Because we reverse and remand based on the circuit court's erroneous dismissal of the action, we need not address this argument.  *See Futch*, 335 S.C. at 613, 518 S.E.2d at 598 (stating an appellate court need not address remaining issues when the disposition of a prior issue is dispositive).

## C.     THE DISTRICT'S ARGUMENTS

---

[2] Osmundson also argues the circuit court's dismissal of his action violates the spirit of our supreme court's orders addressing the Covid-19 pandemic.  Because we reverse and remand based on the plain language of the statute, we need not address this argument.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when the disposition of a prior issue is dispositive).

The District raises numerous arguments maintaining this court should affirm based on additional sustaining grounds.  We decline to reach these issues.  *See Cowburn v. Leventis*, 366 S.C. 20, 35 n.4, 619 S.E.2d 437, 446 n.4 (Ct. App. 2005) ("This court may review additional sustaining grounds raised by a respondent, and 'if convinced it is proper and fair to do so, rely on them or any other reason' raised on appeal and appearing in the record to affirm the lower court's judgment." (quoting *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000))); *id.* (declining to address additional sustaining grounds where the court was "not convinced it [was] proper and fair to do so").

**CONCLUSION**

For the foregoing reasons, the order on appeal is

**REVERSED AND REMANDED.**

**MCDONALD and VERDIN, JJ., concur.**